**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 06-2059

HERMILIO MANCERA-PEREZ,

Defendant-Appellant.

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-05-2093 WPJ)**

---

Submitted on the Briefs:[*]

Raymond P. Moore, Federal Public Defender, Vicki Mandell-King, Assistant Federal Public Defender, and Lynn C. Hartfield, Research and Writing Attorney, Office of the Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

David C. Iglesias, United States Attorney, Albuquerque, New Mexico and Terri J. Abernathy, Assistant United States Attorney, Office of the United States Attorney, Las Cruces, New Mexico, for Plaintiff-Appellee.

---

Before **BRISCOE**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**EBEL**, Circuit Judge.

Defendant-Appellant Hermilio Mancera-Perez pleaded guilty to illegal reentry into the United States by an alien previously deported for an aggravated felony and received a sentence of forty-six months' imprisonment. Mancera-Perez appeals, arguing that the length of his sentence is substantively unreasonable. We conclude, however, that he has invited any error regarding the length of his sentence (without concluding that the sentence was, in fact, unreasonably long), and his claims now for the first time on appeal are waived.

## BACKGROUND

After being apprehended near the Mexican border in May 2005, Mancera-Perez was charged with illegal reentry of a deported alien previously convicted of an aggravated felony pursuant to 8 U.S.C. § 1326(a)(1), (a)(2) and (b)(2). Mancera-Perez entered into a plea agreement with the government in which he agreed to plead guilty in exchange for a recommendation of a reduction in his offense level for acceptance of responsibility and a sentence at the low end of the recommended United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range. After ascertaining that Mancera-Perez entered the agreement voluntarily, the district court accepted it.

The presentence report ("PSR") prepared by the probation office calculated Mancera-Perez's total offense level at twenty-one, including a base level of eight under U.S.S.G. § 2L1.2(a); a sixteen level increase for Mancera-Perez's prior conviction of a crime of violence under § 2L1.2(b)(1)(A); and a three level reduction for his acceptance of responsibility under § 3E1.1(a) and (b). Mancera-Perez's criminal history was calculated to fall into category III, resulting in a guideline range of forty-six to fifty-seven months' imprisonment.

The prior conviction for a "crime of violence" which led to Mancera-Perez's previous deportation, and for which the PSR applied a sixteen level increase, was a state conviction for sexual misconduct with a minor under Indiana law. The commentary to the Guidelines expressly specifies that a "crime of violence" includes statutory rape. U.S.S.G. § 2L1.2, comment 1(B)(iii). According to the PSR, at age eighteen Mancera-Perez was charged with "knowingly performing or submitting to sexual intercourse with a female child who was over the age of 14, but had not yet attained the age of 16." The PSR states that Mancera-Perez was charged with battery in the same incident: "the charging document also alleged the defendant knowingly touched, in a rude or insolent manner, the same victim, which resulted in bodily injury, specifically a swollen cheek." However, the PSR also notes that the battery charge was dismissed. No additional information regarding this prior conviction was available to the district court.

Mancera-Perez did not file any objections to the PSR. At his sentencing hearing, the court stated that, based on the PSR, a sentence "on the low end of the guideline range" was appropriate, and invited counsel to comment. The government agreed that the low end of the sentencing range was appropriate. Mancera-Perez's counsel also agreed:

> I agree with the Court and the government, Your Honor. I have nothing further to present to the Court. One of the reasons that Mr. Mancera-Perez is at the zone that he is or at the guideline provisions that he is, is because of his criminal history category, as the Court is well aware, which is a five, and we have talked about that, and I think the low end of the guideline provisions is 46 months.[1]

Mancera-Perez himself indicated, through an interpreter, that he had nothing to add to this statement.

The court then imposed a sentence of forty-six months. In so doing, the court stated that it found "that the sentence is a reasonable sentence under the sentencing factors of 18 U.S.C. 3553(a), particularly taking into account the defendant's criminal history and the nature of that, some of the charges in that past criminal history." The court's judgment was filed on January 19, 2006; however, for reasons not revealed in the record, it was not entered into the district

---

[1]Mancera-Perez's criminal history *score* totaled five points; his criminal history *category*, however, was actually level III. Mancera-Perez's counsel correctly stated that the low end of the Guidelines calculation was forty-six months' imprisonment.

court docket until February 21, 2006. Mancera-Perez filed notice of appeal on February 24, 2006.

**DISCUSSION**

**I. Jurisdiction**

Although the government contends — and Mancera-Perez, inexplicably, concedes — that his appeal was untimely, our review of the record confirms that his appeal was, in fact, timely filed. Although the district court's judgment was filed on January 19, 2006, it was not entered onto the court's docket until February 21, 2006. "A judgment or order is entered for the purposes of [Fed. R. App. P.] 4(b) when it is entered on the criminal docket." Fed. R. App. P. 4(b)(6); Jenkins v. Burtzloff, 69 F.3d 460, 461-62 (10th Cir. 1995) ("The date of entry is the beginning point for when the time period begins to run . . . ."). Since Rule 4(b)(1)(A) provides for a ten-day filing deadline, the period for a timely appeal expired on March 7, 2006. Mancera-Perez filed his notice of appeal on February 24, 2006; thus, his appeal was timely.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

**II. Substantive reasonableness**

Mancera-Perez argues that his sentence is unreasonably long in light of two of the factors required to be taken into account in sentencing under 18 U.S.C. § 3553(a). First, he argues that his prior conviction for statutory rape, a "crime of

violence" under U.S.S.G. § 2L1.2(b)(1)(A), was not as serious as the Guidelines suggest because it occurred when he was barely eighteen years old, and thus merited a downward variance from the recommended Guidelines sentence. Second, he contends that, because the Indiana statutory rape law "criminalizes conduct that would not be punishable in many states," increasing his sentence based on a conviction under that law would lead to an unwarranted sentencing disparity under 18 U.S.C. § 3553(a)(6).

Because Mancera-Perez did not argue for a shorter sentence in front of the district court, and indeed conceded the appropriateness of his forty-six month sentence, we believe this argument seeks to assert invited error and is waived.[2]

Mancera-Perez acknowledges that the claims of error he raises on appeal were not previously presented to the district court. However, he argues that, because he only challenges the length of his sentence and not the method by which the district court reached it, we may nevertheless review these claims for reasonableness, rather than applying the plain error review generally provided for

---

[2]We may consider an issue of waiver <u>sua</u> <u>sponte</u>, <u>see</u> <u>United States v. Gimbel</u>, 782 F.2d 89, 92 n.5 (7th Cir. 1986) (noting that it is "beyond cavil" that an appellate court may "raise [an] issue of waiver <u>sua</u> <u>sponte</u>"). <u>Cf.</u> <u>Hines v. United States</u>, 971 F.2d 506, 508 (10th Cir. 1992) (raising a <u>Frady</u> defense <u>sua</u> <u>sponte</u> because the defense "is based upon concerns about finality, docket control, and judicial efficiency.") However, we are not required to do so. <u>See</u> <u>United States. v. Heckenliable</u>, 446 F.3d 1048, 1050 n.3 (10th Cir. 2006), <u>cert.</u> <u>denied</u>, 127 S. Ct. 287 (2006). We do so in this case because of the additional factor of invited error which would render it unjust and a perversion of the integrity and proper administration of justice to allow a defendant affirmatively to support the reasonableness of his sentence before the district court and then to challenge the reasonableness of that sentence on appeal.

unpreserved claims of error.  United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006), cert. denied, 127 S. Ct. 3043 (2007).

We review properly preserved sentencing challenges for reasonableness, United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006) (per curiam), a standard which the Supreme Court has recently equated with review for an abuse of the sentencing court's discretion, see Rita v. United States, 127 S. Ct. 2456, 2465 (2007) ("[A]pellate 'reasonableness' review merely asks whether the trial court abused its discretion.").  A sentence within the advisory Guidelines range is afforded a rebuttable presumption of reasonableness during the process of appellate review "that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)."  Kristl, 437 F.3d at 1054.

When a defendant fails to preserve a sentencing challenge below, we generally review only for plain error.  See Lopez-Flores, 444 F.3d at 1221. However, we have carved an exception to this rule allowing straight reasonableness review for unpreserved objections to the length of a sentence:

> We have held that when the defendant fails to object to the method by which the sentence was determined, such as a claim that the Guidelines were misapplied or that the court did not adequately explain the sentence with reference to the factors set forth in 18 U.S.C. § 3553(a), we review only for plain error.  See [Lopez-Florez, 444 F.3d at 1221]. But when the claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue. See id.; United States v. Castro-Juarez, 425 F.3d 430, 433-34 (7th Cir. 2005).

United States v. Torres-Duenas, 461 F.3d 1178, 1182-83 (10th Cir. 2006), cert. denied, 127 S. Ct. 3054 (2007).  Mancera-Perez invokes the latter category of claim, arguing that his appeal "challenges only the length, or substantive reasonableness, of the sentence imposed" and therefore may be reviewed for reasonableness without the requirement of an objection below.

In Torres-Duenas, however, we did not contemplate a situation in which the defendant not only failed to object *after* the district court pronounced his sentence, but failed, even before sentencing, to offer *any* argument whatsoever for a lower sentence and, indeed, agreed with the district court that the length of the sentence imposed was reasonable.  Under these circumstances, we conclude that any error regarding the reasonableness of the length of the sentence[3] was invited and waived.

In contrast, the defendant in Torres-Duenas "requested a variance from the Guidelines range, contending that his case was 'unusual' because his 'felony conviction is almost 20 years old.  And that occurred when he was certainly much younger . . . .'" Id. at 1180.  In addition, he argued that he was "one of the less culpable" of the codefendants in his case, and that no felony allegations had been

---

[3]Here we do not conclude that the sentence was unreasonably long.  Indeed, our review of the record suggests to the contrary.  It was within the guideline range and, thus, on appellate review is entitled to a presumption of reasonableness.  Rita v. United States, 127 S.Ct. 2456.  Nothing we have seen rebuts that presumption.  Nevertheless, because here even if there was error in the length of the sentence it was never argued in any manner and indeed was invited, we do not reach the merits of this issue.

brought against him since the original conviction.  Id.  Torres-Duenas therefore raised arguments before the district court for a below-Guidelines sentence; he failed only to raise a formal objection *after* the district court rejected his arguments and imposed a within-Guidelines sentence.  Id. at 1182.  Thus, our conclusion that he need not object to preserve his substantive reasonableness argument for appeal addressed his lack of a formal objection to the court's conclusions, not a total lack of argument to the court.

Lopez-Flores, which we relied upon in Torres-Duenas, presented a similar factual scenario.  In Lopez-Flores, we quoted extensively from the Seventh Circuit in United States v. Castro-Juarez, 425 F.3d 430, 433-34 (7th Cir. 2005), to "explain[] why it is unnecessary to argue to the district court *after imposition of the sentence* that the sentence is unreasonably long."  444 F.3d at 1221 (emphasis added).  The Seventh Circuit explained that it did not require defendants to raise a post-sentence

> objection – probably formulaic – in every criminal case.  *Since the district court will already have heard argument* and allocution from the parties and weighed the relevant § 3553(a) factors before pronouncing sentence, we fail to see how requiring the defendant to *then* protest the term handed down will further the sentencing process in any meaningful way.

Lopez-Flores, 444 F.3d at 1221 (quoting Castro-Juarez, 425 F.3d at 433-34) (emphasis added).

Lopez-Florez and Castro-Juarez thus addressed whether a defendant is required to raise an objection to the reasonableness of a sentence *after* it has been imposed by the district court, when the defendant's argument for a lesser sentence had already been presented to the court during pre-sentence arguments. However, the scenario of a defendant who failed entirely to argue for a lower sentence before the district court at any time, and then sought to make an argument for a reduced sentence for the first time on appeal, was not addressed by either case. See also United States v. Swehla, 442 F.3d 1143, 1145 (8th Cir. 2006) (holding that "a defendant only need argue for a different sentence before the sentence is pronounced" to preserve appellate reasonableness review).

We therefore clarify Torres-Duenas's exception allowing reasonableness review of unpreserved substantive sentencing challenges to require that the defendant have at least made the argument for a lower sentence before the district court. When the appellate argument for a lower sentence was not raised at any time before the district court, and when, to the contrary, the defendant affirmatively endorses the appropriateness of the length of the sentence before the district court, we conclude that if, there was error, it was invited and waived. Therefore we AFFIRM his sentence.

06-2059, United States v. Mancera-Perez

**BRISCOE**, Circuit Judge, concurring:

I concur in the result. I write separately, however, because the majority's proposed clarification of the exception announced in United States v. Torres-Duenas, 461 F.3d 1178, 1182-83 (10th Cir. 2006) (allowing reasonableness review of forfeited substantive sentencing challenges) is unnecessary and, thus, dicta. The long and the short of the matter is that Mancera-Perez, by seeking and agreeing to the sentence imposed by the district court, clearly waived the challenges he now seeks to assert to that sentence. See United States v. Carrasco-Salazar, — F.3d —, 2007 WL 2171359 at *2-3 (10th Cir. 2007) (discussing waiver and forfeiture in the context of sentencing challenges). Necessarily, then, Mancera-Perez cannot benefit from any standards of review, or exceptions therefrom, that we apply in cases where an error has been properly preserved or merely forfeited.