FILED
United States Court of Appeals
Tenth Circuit

April 7, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JACK MILLS DUNHAM, SR.,

      Defendant-Appellant.

No. 07-5011
(D.C. No. 06-CR-047-001-HDC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant Jack Mills Dunham, Sr., appeals the reasonableness of the thirty-seven month sentence that he received for pleading guilty to two counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we conclude that the sentence imposed by the district court was both procedurally

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

and substantively reasonable. Accordingly, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

Mr. Dunham was charged with two counts of possessing or attempting to possess visual depictions of a minor engaged in sexually explicit conduct that had been transported in interstate commerce by a computer, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). He pleaded guilty to both counts of the indictment. The Presentence Report ("PSR") calculated Mr. Dunham's base offense level at eighteen and included a three-level reduction for acceptance of responsibility. The PSR recommended three, two-level enhancements: (1) enhancement under U.S.S.G. § 2G2.2(b)(2) for an offense involving prepubescent minors, (2) enhancement under U.S.S.G. § 2G2.2(b)(6) because the offense involved use of a computer, and (3) enhancement under U.S.S.G. § 2G2.2(b)(7)(A) because the offense involved at least ten but fewer than 150 images.

These enhancements brought the total offense level to twenty-one, which, with a criminal history category of I, provided a Guidelines range of thirty-seven to forty-six months. About a month prior to the sentencing hearing, Mr. Dunham filed objections to the Presentence Report ("PSR"). Among other things, he objected to the three enhancements and the finding that no factors warranted either a departure or a variance.

The district court sentenced Mr. Dunham to thirty-seven months of imprisonment on each count, to run concurrently, followed by ten years of supervised release. However, the district court did not address Mr. Dunham's specific written objections to the PSR but instead merely explained its reasons for choosing a sentence at the bottom of the Guidelines range. Mr. Dunham's counsel did not comment on this failure at the hearing. On appeal Mr. Dunham argues that the district court erred (a) procedurally, in erroneously applying the three enhancements, and in failing to specifically address his written objections to the PSR; and (b) substantively, by imposing an unreasonably long sentence that did not properly take into account the factors under U.S.S.G. Chapter 4 that supported a downward departure, or the 18 U.S.C. § 3553(a) factors that justified a downward variance.

## II. DISCUSSION

We review a federal criminal sentence for reasonableness, giving deference to the district court under "the familiar abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *see United States v. Smart*, ___ F.3d ___, No. 06-6120, 2008 WL 570804, at *4 (10th Cir. Mar. 4, 2008) (noting that it is now "well settled that we review a district court's sentencing decisions solely for abuse of discretion"). Reasonableness "has both procedural and substantive components." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007); *see Gall*, 128 S. Ct. at 597 (noting that a reviewing court "must first ensure that the

-3-

district court committed no significant procedural error" and then should "consider the substantive reasonableness of the sentence").

A.

We first address Mr. Dunham's procedural claims, which relate to the manner in which the district court calculated and explained the sentence. *See Gall*, 128 S. Ct. at 597 (noting as examples of "significant procedural error" a district court's "fail[ure] to calculate (or improperly calculating) the Guidelines range" and "fail[ure] to adequately explain the chosen sentence"); *United States v. Romero*, 491 F.3d 1173, 1176 (10th Cir. 2007) (treating as a claim of procedural unreasonableness defendant's allegation that the district court failed to explain its reasons for rejecting an argument for a below-Guidelines sentence).

Mr. Dunham argues that the three sentencing enhancements were improperly applied to him. We review a district court's legal interpretation of the Guidelines de novo and its factual findings for clear error. *See United States v. Dalton*, 409 F.3d 1247, 1251 (10th Cir. 2005). One enhancement came under U.S.S.G. § 2G2.2(b)(7)(A) for an offense involving at least ten images but fewer than 150. The principal investigator testified that a metal locker at Mr. Dunham's home contained more than 500 images of adult pornography and one envelope with fifteen or sixteen images of child pornography. These fifteen or sixteen images included both an e-mail address and pathway indicating that the photographs came from a computer. These printed images were sufficient

-4-

grounds for application of the enhancement. It is thus irrelevant, for purposes of this enhancement, whether (as he contends) Mr. Dunham lacked knowledge of the ninety-eight image files of child pornography found on his computer during forensic examination.

The enhancement under U.S.S.G. § 2G2.2(b)(2) applies if the material involves a prepubescent minor or a minor who had not attained the age of twelve years. In his change of plea colloquy, Mr. Dunham admitted possession of two images of a minor engaging is sexually explicit conduct. The principal investigator testified that one of those two images depicted a child of less than one year of age. The government left up to the court the determination of whether any of the other images of minors involved prepubescent children. We conclude that the factual requirements for this enhancement were met.

The enhancement under U.S.S.G. § 2G2.2(b)(6) applies if the offense involved the use of a computer for the "possession, transmission, receipt, or distribution of the material." Mr. Dunham admitted during his change of plea colloquy that he downloaded the two images charged against him using his computer. The PSR states that "Dunham admitted that he received child pornography from unknown persons via the internet." R., Vol. II, at ¶ 6. At the sentencing hearing, the principal investigator testified that the fifteen or sixteen printed images of child pornography "have an e-mail address as well as the pathway as far as how the image was - when it is printed there's a pathway stating

that it came from an 'America Online' account." R., Vol. IV, Tr. at 18-19

(Transcript of Sentencing Hearing, dated Jan. 10, 2007). This sufficiently

established that the offenses involved the use of a computer.

Mr. Dunham also argues that the district court committed reversible error in

failing to specifically explain its resolution of disputed portions of the PSR in

violation of Federal Rule of Criminal Procedure 32(i)(3). Because Mr. Dunham

did not object to this failure to explain at the time of sentencing, we review for

plain error.[1] *See United States v. Williamson*, 53 F.3d 1500, 1527 (10th Cir.

---

[1] In its principal brief, the government did not argue Mr. Dunham's forfeiture of the Rule 32(i)(3) issue. Nonetheless, we deem it appropriate to apply the plain error standard of review. Our decision in *United States v. Mitchell*, __ F.3d __, 2008 WL 542130 (10th Cir. Feb. 29, 2008), which Mr. Dunham cited as supplemental authority, is not to the contrary. *Mitchell* arises in a wholly different context. At issue there was whether we should *sua sponte* apply a procedural time bar in a claim-processing rule. We "analogized" such bars to "traditional affirmative defenses," the benefits of which typically only extend to the litigants and not the court and quite reasonably must be pleaded by the litigant seeking to benefit from their application. *Mitchell*, __ F.3d __, 2008 WL 542130, at *5. In contrast, the failure to contemporaneously lodge a procedural objection to a district court's sentencing decision directly implicates the institutional interests of the judiciary. Both judicial economy and the respective roles of the district and appellate courts underlie a party's responsibility to alert the district court to such an issue in order to merit full appellate review. *See United States v. Atencio*, 476 F.3d 1099, 1105 (10th Cir. 2007) (declaring that requiring an objection for Rule 32(h) error "both promotes the focused, adversarial resolution of the legal and factual sentencing issues . . . and avoids inefficient appellate litigation by permitting the court below to cure its error" (quotation marks omitted)); *United States v. Lopez-Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006) ("A timely objection to the method [used to calculate a sentence] can alert the district court and opposing counsel, so that a potential error can be corrected, obviating any need for an appeal."). *Cf. Tele-Communications, Inc. v. C.I.R.*, 104 F.3d 1229, 1233 (10th Cir. 1997)

(continued...)

1995) (applying plain-error review when defendant failed to make separate objection at sentencing hearing to district court's failure under Rule 32(i)(3)(B)'s predecessor to resolve defendant's factual objections to PSR); *see also Atencio*, 476 F.3d at 1106 ("We have previously held that failure to object to a disputed fact at the sentencing hearing constitutes forfeiture, despite prior submission of a written objection."). When the district court asked if there was any objection to the sentence imposed, Mr. Dunham's counsel replied "None that we haven't already made, Your Honor." R., Vol. IV, Tr. at 33. This is insufficient to prevent the forfeiture of the unarticulated argument that the court erred in failing to specifically address and reject the written objections.

Plain error occurs when there is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or

---

[1](...continued)
("Propounding new arguments on appeal in an attempt to prompt us to reverse the trial court undermines important judicial values. In order to preserve the integrity of the appellate structure, we should not be considered a 'second-shot' forum, a forum where secondary back-up theories may be mounted for the first time."). This is particularly true where the district court could have easily corrected the error. *Cf. United States v. Goode*, 483 F.3d 676, 682 (10th Cir. 2007) ("The alleged insufficiency of the evidence could have been quickly cured by amending the instruction if Mr. Goode had challenged at trial the insufficiency he raises on appeal."). Accordingly, the ordinary constraints on *sua sponte* action at work in *Mitchell* have no logical force here. In any event, the holding of *Mitchell* itself, suggests that we are on solid ground in recognizing Mr. Dunham's forfeiture and employing plain error review. There, as to Fed. R. App. P. 4(b), we deemed it appropriate to "raise its time bar *sua sponte*" because the rule "implicates important judicial interests beyond those of the parties." As discussed above, that institutional circumstance is present here, where Mr. Dunham failed to object to the Rule 32(i)(3) error.

public reputation of judicial proceedings." *Atencio*, 476 F.3d at 1106. Rule 32(i)(3)(B) declares that "for any disputed portion of the presentence report" the district court "must . . . rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."

It is clear that the district court's silence about Mr. Dunham's written objections on factual issues that were directly relevant to the sentence imposed constitutes error that is plain. *See Atencio*, 476 F.3d at 1107 (holding that "failing to follow Rule 32(i)(3)(B)" was error). However, unlike *Atencio* where the district court purported to adopt "contradictory factual statements" regarding whether the defendant regularly abused women, 476 F.3d at 1107, the evidence here clearly supports the conclusions in the PSR regarding the facts and applicable enhancements. Because Mr. Dunham's objections fail on the merits, as discussed above, the district court's error did not affect his substantial rights. Therefore, plain error will not be noticed here. *See United States v. Brown*, 164 F.3d 518, 522 (10th Cir. 1998) (holding that a district court's failure to make specific findings under predecessor to Rule 32(i)(3)(B) did not "rise to the level of obvious and substantial error").

### B.

We also must review the length of the sentence for substantive reasonableness. *See United States v. Hamilton*, 510 F.3d 1209, 1217-18 (10th Cir.

2007) ("In evaluating the substantive reasonableness of a sentence, we ask whether the length of the sentence is reasonable considering the statutory factors delineated in 18 U.S.C. § 3553(a)."). "[W]e accord a properly calculated Guidelines sentence a presumption of substantive reasonableness." *United States v. Hernandez*, 509 F.3d 1290, 1298 (10th Cir. 2007); *see Gall*, 128 S Ct. at 597 ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.").

Mr. Dunham argues that his sentence is unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a). When, as here, a defendant has argued for a reduced sentence at the sentencing hearing and the claim on appeal is that the sentence imposed is unreasonably long, we do not require the defendant to object at the hearing in order to preserve the issue. *United States v. Mancera-Perez*, 505 F.3d 1054, 1058 (10th Cir. 2007); *United States v. Torres-Duenas*, 461 F.3d 1178, 1182-83 (10th Cir. 2006). The district court has a wide range of discretion in striking that balance among the § 3553(a) factors. *See Smart*, 2008 WL 570804, at *7 ("We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo."). Mr. Dunham presents nothing to this Court which disturbs the presumption of reasonableness or suggests an abuse of discretion.

In arguing for a variance, Mr. Dunham emphasizes his age, ill health, lack of a criminal record, and "contribution to the American music culture." Aplt. Br. at 46, 48-50.[2] The district court's decision to impose a sentence at the bottom of the Guidelines range was apparently influenced by Mr. Dunham's physical infirmities, which the court mentioned as the "greatest concern" relevant to deciding whether the sentence "should be modified from the guidelines or not." R., Vol. IV, Tr. at 30. It is evident from the record that the district court took Mr. Dunham's situation into account, and Mr. Dunham brings nothing to the attention of this Court which merits a sentence below the Guidelines range or makes unreasonable the thirty-seven-month sentence imposed.

Because Mr. Dunham has not shown that his sentence was procedurally unreasonable under the plain error standard or substantively unreasonable under

---

[2]     Mr. Dunham also references his request for a downward departure. The district court's denial of a motion for downward departure is ordinarily unreviewable. *See United States v. Fonseca*, 473 F.3d 1109, 1112 (10th Cir. 2007) ("We may review a denial of a downward departure only if the denial is based on the sentencing court's interpretation of the Guidelines as depriving it of the legal authority to grant the departure."). However, a defendant's asserted reasons for departure will be taken into account in the reasonableness review. *Fonseca*, 473 F.3d at 1112; *United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006) (holding that a challenge to the reasonableness of a sentence "necessarily requires that we take into account the defendant's asserted grounds for departure when reviewing the sentence for reasonableness"). The only departure-related claim Mr. Dunham raises on appeal is the over-representation of his criminal history. This need not be addressed separately because it is already included in the variance analysis.

the § 3553(a) factors, we **AFFIRM** the district court's judgment.

Entered for the Court

Jerome A. Holmes
Circuit Judge