**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEJANDRO RAMOS-LOPEZ,

Defendant - Appellant.

No. 10-2117

(D. New Mexico)

(D.C. No. 2:03-CR-02239-BB-3)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In 2004, defendant and appellant, Alejandro Ramos-Lopez, pled guilty to two counts of transporting illegal aliens and aiding and abetting, under 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(I) and (a)(1)(A)(v)(II). When he failed to appear,

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in violation of the conditions of his pre-trial release, an arrest warrant was issued. Mr. Ramos-Lopez remained in warrant status until he was apprehended in August 2009.[1] He was subsequently sentenced on April 30, 2010, to thirty months' imprisonment, followed by two years of supervised release. Arguing that the district court should have *sua sponte* sought a sentence below the minimum advisory sentence under the United States Guideline Commission, Guidelines Manual ("USSG"), Mr. Ramos-Lopez appeals. We affirm.

## BACKGROUND

As indicated, in November 2003, Mr. Ramos-Lopez was indicted, along with some co-defendants, on two counts of transporting illegal aliens and aiding and abetting. While on pre-trial supervised release, Mr. Ramos-Lopez absconded in April 2004, and was eventually arrested in May 2009 on the outstanding warrant.

In preparation for sentencing, the United States Probation office prepared a presentence report ("PSR"), which recommended a sentence under the advisory sentencing guidelines. The PSR calculated a total offense level of 17 for Mr. Ramos-Lopez which, with a criminal history category of III, yielded an advisory guidelines range of 30 to 37 months' imprisonment.

---

[1]Apparently, an arrest for driving under the influence led to the capture of Mr. Ramos-Lopez.

Mr. Ramos-Lopez did not file any objections to the PSR, nor did he file a sentencing memorandum. At his sentencing hearing on April 30, 2010, Mr. Ramos-Lopez's counsel specifically denied having any challenges to the factual statements or guidelines calculations and proposals in the PSR. When asked if Mr. Ramos-Lopez or his counsel would like to address the court prior to sentencing, Mr. Ramos-Lopez's counsel explained that Mr. Ramos-Lopez had absconded to help his wife care for her ill mother, that he (Mr. Ramos-Lopez) knew what he had done was wrong, and that "he knows he's got to pay a penalty." Tr. of Sentencing Hr'g at 4, R. Vol. 3 at 8. After conceding that the guideline range of 30 to 37 months was correctly calculated, defense counsel stated, "And we're just requesting the low end of the range." Id.

After explaining that it had reviewed the PSR, the guideline calculations and the sentencing factors listed in 18 U.S.C. § 3553(a), the district court sentenced Mr. Ramos-Lopez to 30 months' imprisonment (the low end of the applicable guidelines range). This appeal followed.

## DISCUSSION

We review a criminal defendant's sentence for reasonableness, deferring to the district court under the "familiar abuse-of-discretion standard of review." Gall v. United States, 552 U.S. 38, 46 (2007). Reasonableness review has a procedural and a substantive component. United States v. Alapizco-Valenzuela,

546 F.3d 1208, 1214 (10th Cir. 2008). "We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo. Instead, we must 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the [sentence imposed].'" United States v. Smart, 518 F.3d 800, 807-08 (10th Cir.2008) (quoting Gall, 552 U.S. at 51)). A sentence imposed within the properly calculated advisory guideline range is entitled to a rebuttable presumption of reasonableness.

Mr. Ramos-Lopez's argument is this: "Mr. Ramos-Lopez should have been considered for a variance based on the § 3553(a) requirement that the sentence be sufficient but not greater than necessary to achieve the statutory purpose of punishment." Appellant's Br. at 5. He makes this argument despite his own failure to ask for such a variance before the district court and despite his counsel's specific averment that a sentence at the low end of the guidelines range would be acceptable and, implicitly, reasonable.

The government argues that Mr. Ramos-Lopez has "waived the arguments for a lower sentence that he now seeks to raise for the first time in this appeal, and this Court should summarily affirm the presumptively reasonable guideline sentence imposed by the district court." Appellee's Br. at 4. We agree with the government. Even were we to not find waiver, we would find Mr. Ramos-Lopez's sentence reasonable.

Because "waiver is accomplished by intent, but forfeiture comes about through neglect, . . . we have held that a party that has forfeited a right by failing to make a proper objection may obtain relief for plain error; but a party that has waived a right is not entitled to appellate relief."  United States v. Carrasco-Salazar, 494 F.3d 1270, 1272 (10th Cir. 2007).  It is clear in this case that Mr. Ramos-Lopez waived any argument that he was entitled to a below-guideline sentence.  See United States v. Mancera-Perez, 505 F.3d 1054, 1057 (10th Cir. 2007) ("Because [defendant] did not argue for a shorter sentence in front of the district court, and indeed conceded the appropriateness of his [low-end-of-the-guidelines sentence], we believe this argument [for a shorter sentence] seeks to assert invited error and is waived.").

His argument that the district court should have *sua sponte* granted a variance is of no assistance to him.  We have acknowledged that while "[w]e may consider an issue of waiver *sua sponte*, . . . we are not required to do so."  Id. at 1057 n.3.  The same can be said about the district court.

In sum, we perceive no abuse of discretion in the district court's implicit decision not to grant a waiver, and in its decision to sentence Mr. Ramos-Lopez to thirty months' imprisonment.

**CONCLUSION**

For the foregoing reasons, the decision of the district court is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge