FILED
United States Court of Appeals
Tenth Circuit

**December 7, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PEDRO PEREZ-CRUZ,

Defendant - Appellant.

No. 10-6006

(W.D. Oklahoma)

(D.C. No. 09-CR-00178-F-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **BALDOCK**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Pedro Perez-Cruz, pled guilty to unlawfully reentering the United States, after having previously been deported following a conviction for an aggravated felony. He was sentenced to fifty-seven months'

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment. Despite the fact that Mr. Perez-Cruz's counsel affirmatively requested and acquiesced in that sentence, Mr. Perez-Cruz seeks to avoid the impact of that apparent waiver and appeal his sentence as substantively unreasonable. We conclude that he has waived the opportunity to make such an argument and we dismiss this appeal.

## BACKGROUND

Following Mr. Perez-Cruz's guilty plea, the United States Probation Office prepared a presentence report ("PSR") in preparation for sentencing under the advisory United States Sentencing Commission, Guidelines Manual ("USSG"). Mr. Perez-Cruz's total offense level under the guidelines was 21, which included the requisite 16-level increase for his prior deportation following conviction for an aggravated felony. See USSG § 2L1.2(b)(1)(A)(I). The prior conviction which increased Mr. Perez-Cruz's offense level was a sixteen-year-old conviction for possession of a controlled substance for sale. With a criminal history category of IV, the PSR calculated an advisory sentencing range under the guidelines of fifty-seven to seventy-one months' imprisonment.

At Mr. Perez-Cruz's sentencing hearing, the district court heard argument from both parties. It further adopted the factual findings of the PSR. The government conceded that Mr. Perez-Cruz's case was somewhat unusual in that virtually all of the crimes counted towards his criminal history category of IV had

-2-

occurred many years ago (from eleven to twenty-one years prior). It accordingly

recommended a sentence at the low end of the advisory guidelines sentencing

range:

> [T]hese convictions are much older than the ones that we have seen
> previously, and with that being said, the government recognizes that
> it always asks for a guideline sentence, and in this case, if a
> guideline sentence were to be imposed, we could ask for the low end
> of the guidelines.

Tr. of Sentencing at 14, R. Vol. 3 at 14. Mr. Perez-Cruz's counsel then

responded:

> I would pretty much adopt what the government has already said.
> You've seen plenty of illegal re-entry cases, from the low end to the
> high end, if you will, people who have been deported once and came
> back eight times and people who have been deported once and came
> back just one time, as Mr. Pedro Cruz is charged with. It's a
> criminal history category IV; it is what it is. As the government
> pointed out, a lot of those were older convictions. . . . I think on the
> big scheme of things, as far as illegal re-entry cases, his is a little
> less egregious than most of them that the Court has seen and I've
> seen.
>
> Sum it all up, Judge, we would just ask, as the government has,
> for the bottom of the guideline range of 57 months.

Id. at 14-15.

> The court imposed the fifty-seven month sentence, explaining that it was:
>
> quite concerned . . . with the nature of some of [Mr. Perez-Cruz's]
> previous criminal conduct in the United States, some of it has
> involved weapons, some of it has involved narcotic substances,
> cocaine, on more than one occasion. So your criminal history has
> involved more than just alcohol, but with respect to alcohol, you
> have more than one driving-under-the-influence-of-liquor conviction.
> And it is probably by the grace of God that you are not doing 10 or

> 20 years of incarceration as a result of a serious accident while driving under the influence.

Id. at 16. Following the imposition of sentence, the district court specifically asked Mr. Perez-Cruz whether he had "any procedural objection to these sentencing proceedings," id. at 18, to which defense counsel responded, "No, sir." Id.

Arguing that his fifty-seven month sentence is substantively unreasonable, Mr. Perez-Cruz endeavors to appeal that sentence.

**DISCUSSION**

We review all federal sentences under a deferential abuse-of-discretion standard, assessing whether the sentence was procedurally and substantively reasonable. Mr. Perez-Cruz claims only that his sentence is substantively unreasonable. "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008) (internal quotation marks omitted). On appeal, we presume a sentence within the properly calculated guideline range to be reasonable. United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam).

Mr. Perez-Cruz concedes that any challenge to his sentence as substantively unreasonable is barred by the invited-error rule of <u>United States v. Mancera-Perez</u>, 505 F.3d 1054 (10th Cir. 2007). In that case, we held:

> When the appellate argument for a lower sentence was not raised at any time before the district court, and when, to the contrary, the defendant affirmatively endorses the appropriateness of the length of the sentence before the district court, we conclude that, if there was error, it was invited and waived.

<u>Id.</u> at 1059. That is precisely what happened in this case. Mr. Perez-Cruz does not argue to the contrary. Accordingly, since the argument Mr. Perez-Cruz seeks to make was waived, we dismiss this appeal.

## CONCLUSION

For the foregoing reasons, we DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge