FILED
United States Court of Appeals
Tenth Circuit

**March 21, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FAITH HOPE HAMILTON,

    Defendant-Appellant.

No. 09-3305

(D.C. No. 5:02-CR-40157-JAR-8)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK,** and **HARTZ**, Circuit Judges.

---

Defendant Faith Hope Hamilton pled guilty to one count of conspiring to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). She appeals her sentence, contending the Government breached the plea agreement by failing to file a motion under U.S.S.G. § 5K1.1 and the district court erred in calculating the drug quantity attributable to her. Defendant also argues we should not enforce the appellate waiver in her plea agreement because of the Government's alleged breach and because her counsel provided ineffective assistance in connection with her plea agreement. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742,

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we enforce Defendant's appellate waiver and dismiss her appeal. See United States v. Hahn, 359 F.3d 1315, 1322 (10th Cir. 2004) (en banc) ("[W]e have statutory subject matter jurisdiction under § 1291 over sentencing appeals even when the defendant has waived [her] right to appeal in an enforceable plea agreement.").

I.

A federal grand jury in Kansas indicted Defendant and nine co-defendants on charges of conspiracy to distribute controlled substances including marijuana. Defendant agreed to plead guilty to one charge of conspiring to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). In her plea agreement, she waived her appellate rights. R.O.A. Vol. I at 44–45. The Government agreed to recommend certain reductions, not file any additional charges against Defendant arising out of the factual basis of the indictment, dismiss all prior indictments, and file a motion asking the district court to reduce Defendant's sentence if she provided substantial assistance.[1] Id. at 43. Defendant's plea petition and plea agreement both include

---

[1] The substantial assistance provision of the plea agreement states:

The defendant acknowledges that substantial assistance has not yet been provided by the defendant within the meaning of U.S.S.G. § 5K1.1 and Title 18, United States Code § 3553(e). Upon the determination by the United States the defendant has provided substantial assistance, the United States shall request that the Court consider reducing the sentence the defendant would otherwise receive under the applicable statutes and/or sentencing guidelines pursuant to Title 18, U.S.C. § 3553(e), Title 28, U.S.C. § 994(n), and U.S.S.G § 5K1.1.

(continued...)

statements affirming that Defendant had reviewed each document with her counsel and was satisfied with her counsel's advice and representation. Id. at 31, 46.

At Defendant's change of plea hearing, the court explained Defendant's appellate rights and asked whether she understood that she was giving them up. R.O.A. Vol. III at 17–18. Defendant answered in the affirmative. Id. at 18. The court also explained Defendant's right to a jury trial and various guidelines that could apply at sentencing. Id. at 19–27. Defendant affirmed that she and her counsel had reviewed the factual basis for her plea agreement. Id. at 27–32. After questioning Defendant at length about her guilty plea, the district court accepted Defendant's plea. Id. at 52–53.

Defendant then filed a pro se letter with the court, informing it that she had fired her counsel because "[h]e had told me to say yes to things at the last court proceedings, the signing of the plea. He also coerced me into signing the plea . . . . My attorney Eric Johnson did not come to see me or go [over] my rights or options considering this case." Supp. R.O.A. I Vol. I at 22. Defendant obtained new counsel but did not attempt to withdraw or otherwise attack her plea.

At Defendant's sentencing hearing, the district court considered Defendant's objections but concluded it would sentence Defendant in accordance with the PSR recommendations and calculations. When the district court asked whether Defendant

[1](...continued)
R.O.A. Vol. I at 43.

3

had any further objections, defense counsel said:

> Yes, Judge, to the issue of safety valve. [Defendant] did proffer many times with the government, and in addition she gave information that apparently was useful in some way to the government helping to procure a guilty plea on another codefendant here just recently. The government, of course, has the option whether or not to file a 5K1, and we understand that, but from all–from information that was exchanged between myself and between the government, she did give information that was helpful regarding that as well and so we'd just like the Court–we'd like to note that for the Court, that she has continued to proffer, she has given information at some point that was considered useful.

R.O.A. Vol. IV at 78. The Government stated that it had "offered her a 5K and she didn't want it," then explained that after Defendant filed objections to the PSR, minimizing her role in the conspiracy, it had determined she was not eligible for a § 5K1.1 motion. Id. at 79. Upon further questioning by the court, the Government explained that Defendant had provided substantial assistance but rejected its offer of a § 5K1.1 motion. Id. at 79–80. Defense counsel countered that the Government had withdrawn its offer as a result of Defendant's objections to the PSR. Id. at 80–81. The court concluded these arguments had no bearing on its determination of Defendant's eligibility for a safety valve reduction of her sentence and did not consider further any facts surrounding the Government's failure to file a § 5K1.1 motion. Id. at 81. Defendant made no other objections. The district court then sentenced Defendant to 168 months imprisonment and five years of supervised release.

Defendant appealed. While this appeal was pending, the Government moved

to enforce the appellate waiver provision of Defendant's plea agreement. This motion was referred to the merits panel. The Government filed a Fed. R. Crim. P. 35(b) motion to reduce Defendant's sentence with the district court, then moved for a partial remand so the district court could rule on the motion. We granted the Government's motion for a limited remand. On remand, the Government informed the district court that Defendant had provided substantial assistance and was therefore entitled to a sentence reduction. The Government explained:

> After much reflection, the Government concedes that it would have been appropriate to have filed a 5K1.1 motion recommending reduction of the defendant's sentence in accordance with the terms of the plea agreement. As a result of the defendant's pleading challenging the calculations within the PIR, the government believed it was within its right to not submit a reduction motion. The government's decision was not designed to foreclose the defendant's ability to seek a reduction by challenging the base offense level and other enhancements, but rather a belief, misguided or not, that the defendant was not entitled to additional reductions. Again, after reflection, the government must remain committed to the plea agreement, and given the defendant's level of cooperation, a reduction in her sentence is warranted.

Supp. R.O.A. II Vol. I at 7 n.2.[2] Before the district court ruled on the Government's motion, the Government communicated with defense counsel via email, copying the district court's law clerk:

> [T]he Tenth Circuit has remanded the Hamilton appeal so that the District Court can address the Rule 35 motion submitted by the Government reducing your client's sentence to 120 months. The Court

---

[2] We make no conclusions about the propriety of the Government's reasoning in withholding the § 5K1.1 motion or in conceding Defendant was entitled to a § 5K1.1 reduction.

5

has indicated a willingness to sign the proposed Order reflecting that reduction. I needed to get your input as to whether a formal hearing was needed on this issue.

Id. at 21–22. Defense counsel responded: "I don't believe a formal hearing is needed. We're ok with just having the judge sign the order." Id. at 21. Thus, the district court entered the proposed order without a hearing, and Defendant's sentence was reduced to 120 months.

On appeal, Defendant continues to argue the Government should have made a § 5K1.1 motion before sentencing and, by failing to do so, it breached the plea agreement. Because of the Government's breach, or, in the alternative, because of counsel's ineffective assistance at the plea stage, Defendant argues we should not enforce her appellate waiver and should consider her claim that the district court erred in its calculations of drug quantity attributable to her.

II.

We will enforce a defendant's appellate waiver unless the Government breached the plea agreement. United States v. Trujillo, 537 F.3d 1195, 1200 (10th Cir. 2008). Thus, we first consider Defendant's claim that the Government breached the plea agreement by failing to file a § 5K1.1 motion. In the plea agreement, the Government agreed to make a reduction motion if it determined Defendant provided substantial assistance. At Defendant's initial sentencing, she did not object to the Government's failure to file a § 5K1.1 reduction motion. In its Rule 35(b) motion, the Government conceded Defendant was entitled to a reduction motion for

6

substantial assistance and, as a consequence, it should have filed a § 5K1.1 motion pursuant to the plea agreement. To remedy that error, the Government filed a Rule 35(b) motion during Defendant's appeal, likely requesting the same reduction Defendant would have received pursuant to a § 5K1.1 motion. On remand to the district court, Defendant declined a hearing on the Rule 35(b) motion, requested that the district court enter the order sentencing her to 120 months, and made no objections to her new sentence of 120 months.

On appeal, Defendant attempts to persuade us that "the Government's breach precluded consideration of any of [sic] a sentence less than the statutory mandatory minimum, or any other of these alternative sentencing options by the district court." Appellant Br. at 18. Essentially, Defendant argues the Government's failure to file a § 5K1.1 motion deprived her of the opportunity to argue for a sentence of less than 120 months. On the contrary, the text of Rule 35 provides: "When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute." Fed. R. Crim. P. 35(b)(4). Just as Defendant could have argued for such a reduction if the Government had made a § 5K1.1 motion, she could have requested a formal hearing and made such arguments before the district court when it considered the Government's Rule 35(b) motion. Instead, she declined a hearing, made no objections, and accepted a reduced sentence of 120 months. By doing so, Defendant waived any objections she may have had to her reduced sentenced based on the Government's substantial assistance motion. See United

7

States v. Mancera-Perez, 505 F.3d 1054, 1058–59 (10th Cir. 2007) (concluding that the defendant invited and waived any error when he made no arguments about the reasonableness of his sentence before the district court and affirmatively endorsed the length of his sentence); United States v. Carrasco-Salazar, 494 F.3d 1270, 1272 (10th Cir. 2007) (explaining that because the defendant stated that his prior objection to his sentence had been resolved, he waived that objection). Defendant's actions through her counsel below indicated that she was satisfied with her sentence of 120 months.[3] Thus, Defendant received precisely what she wanted: a 120 month sentence reflecting her substantial assistance and the opportunity to argue for a sentence even lower than 120 months, which she affirmatively declined. We, therefore, will not review even for plain error the § 5K1.1 issue Defendant raises about her sentence. See Puckett v. United States, 129 S. Ct. 1423, 1428–29 (2009) (explaining that forfeited claims of error may be reviewable under plain error but waived errors are not); United States v. Olano, 507 U.S. 725, 732–34 (1993) (explaining that courts review for plain error only errors which were not waived). Accordingly, we will enforce Defendant's appellate waiver unless we conclude it is unenforceable under Hahn, 359 F.3d 1315.

---

[3] We note that Defendant has not argued the counsel who represented her on remand was ineffective. Her ineffective assistance of counsel claims relate only to the counsel who represented her during her change of plea hearing.

In <u>Hahn</u>, we explained that when considering whether to enforce an appellate waiver in a plea agreement, we must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." <u>Hahn</u>, 359 F.3d at 1325. Defendant concedes her appeal falls within the scope of her appellate waiver. Appellant Br. at 27.

Thus, we consider whether Defendant knowingly and voluntarily waived her appellate rights, looking at two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and (2) whether the Fed. R. Crim. P. 11 plea colloquy was adequate. <u>Hahn</u>, 359 F.3d at 1325. Defendant states she "does not claim . . . that the district court failed to comply with Fed. R. Crim. P. 11(b)(1)(N)[]" during the change of plea hearing." Appellant Br. at 27. Rather, she argues her appellate waiver was not knowing and voluntary because her counsel provided ineffective assistance during plea negotiations and the change of plea hearing. Defendant's plea agreement in this case states that she "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." R.O.A. Vol. I at 44. At the plea colloquy, the district court explained Defendant's offense, her right to a jury trial, the process of sentencing, and

Defendant's appellate rights as well as her appellate waiver, and Defendant expressed that she understood. R.O.A. Vol. III at 17–27. Apart from Defendant's arguments about ineffective assistance of counsel, we see no reason to conclude her appellate waiver was not knowing and voluntary.

Under the third Hahn prong, a miscarriage of justice results if "'ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid.'" Hahn, 359 F.3d at 1327 (quoting United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001)). We have noted this means "a waiver may not be used to . . . deny review of a claim that the agreement was entered into with ineffective assistance of counsel." United States v. Black, 201 F.3d 1296, 1301 (10th Cir. 2000). Indeed, the appellate waiver specifically excepts motions allowed under United States v. Cockerham, 237 F.3d 1179 (10th Cir. 2001), which include a claim that a defendant entered into a plea agreement with ineffective assistance of counsel. Id. at 1182; R.O.A. Vol. I at 45. As Defendant notes, however, we generally do not consider ineffective assistance of counsel claims on direct appeal. United States v. Delacruz-Soto, 414 F.3d 1158, 1168 (10th Cir. 2005). Indeed, though ineffective assistance of counsel in connection with the negotiation of an appellate waiver is one of the reasons we will decline to enforce such an appellate waiver, we do not decide ineffective assistance of counsel claims on direct appeal except in rare circumstances, where the issue was raised and ruled upon by the district court and where there is a record sufficient for us to review on direct appeal. See United

10

States v. Rodriguez-Rivera, 518 F.3d 1208, 1216 (10th Cir. 2008) (addressing a defendant's claim of ineffective assistance of counsel because the district court had ruled on the issue and the record was sufficient for review); United States v. Edgar, 348 F.3d 867, 869 (10th Cir. 2003) (declining to address a defendant's claim of ineffective assistance of counsel in connection with plea negotiations on direct appeal).

We note that Defendant fired her first counsel and obtained other counsel after the plea hearing. Defendant made no attempt to withdraw her guilty plea on the basis that her counsel at the change of plea hearing was ineffective. Thus, the district court never had the opportunity to consider Defendant's ineffective assistance of counsel allegations. The only record evidence concerning this alleged ineffective assistance is a letter from Defendant to the district court in which she states:

> I'm writing this letter to inform you that I have fired Attorney Eric Johnson and hired Attorney Melinda Clark-Sann to replace Eric Johnson [due] to being misrepresented. . . . [Johnson] had told me to say yes to things at the last court proceedings, the signing of the plea. He also coerced me into signing the plea. I understand now, that I have a right to take it to trial.

Supp. R.O.A. I Vol. I at 22. Defendant has not initiated collateral proceedings or attacked her plea agreement on ineffective assistance of counsel grounds. In addition, Defendant's plea petition and plea agreement both state her satisfaction with her counsel's performance. R.O.A. Vol. I at 31, 46. For these reasons, we

11

decline to consider Defendant's ineffective assistance of counsel claims on direct appeal. She makes no other arguments concerning the miscarriage of justice prong. Thus, we enforce Defendant's appellate waiver, dismiss her direct appeal, and do not consider her arguments concerning the district court's calculation of the drug quantity for which she is responsible. See Edgar, 348 F.3d at 869 (refusing to consider a defendant's arguments about ineffective assistance of counsel in connection with his appellate waiver).

Accordingly, Defendant's appeal is DISMISSED.

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge