**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 25, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GABRIEL LEE WILLIAMS, II, a/k/a Chi-Chi,

    Defendant - Appellant.

No. 25-7056
(D.C. No. 6:24-CR-00143-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **ROSSMAN**, Circuit Judges.
_____

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court, therefore, honors appellant's request and orders the matter submitted without oral argument.

Gabriel Lee Williams, II, appeals from the district court's judgment accepting his guilty plea to one count of being a felon unlawfully in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and sentencing him to a 140-month term of imprisonment.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Williams's counsel has filed an *Anders* brief,[1] asserting she could find no meritorious basis for appeal and simultaneously moving to withdraw as counsel. For those reasons set out below, this court **grants** counsel's motion to withdraw and **dismisses** this appeal.

A federal grand jury indicted Williams on one count each of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and on one count of being a felon unlawfully in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). Officers spotted Williams walking with a red and black backpack. Williams had previously been convicted of multiple felonies and had two active arrest warrants. When Williams saw the officers, he fled on foot. Although officers lost Williams, they recovered the backpack. Inside the backpack, officers found two firearms and a substance that tested positive for methamphetamine. Several days later, Williams was arrested at a nearby motel, at which officers also found suspected narcotics.

Williams entered a notice of intent to plead guilty to the felon-in-possession count of the indictment. There was no plea agreement. As Williams's trial counsel explained, "We have an agreement with the government that the first count will be dismissed at sentencing, but [there is] no formalized plea agreement as far as a plea contract." The court accepted Williams's guilty plea and a presentence investigation

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

report ("PSR") was created. The PSR calculated Williams's total offense level at 29 and his criminal history category at V, resulting in an advisory sentencing range of 140 to 175 months' incarceration. Williams proceeded to sentencing. Trial counsel did not raise any objections to the PSR. When given the opportunity to speak, Williams indicated he entered his plea because trial counsel told him he was facing a sentence of 84 to 108 months. Williams stated, "I was believing [trial counsel] told me my guidelines would be nine to seven years, and that's when I plead guilty to this. That's why I plead guilty because I thought I was getting nine to seven years." Williams did not, however, move to withdraw his plea on this basis. The district court sentenced Williams to the lowest possible within-guideline sentence, 140 months' incarceration. Williams appealed.

Appellate counsel has filed an *Anders* brief advising the court that this appeal is wholly frivolous. Accordingly, counsel seeks permission to withdraw. Pursuant to *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit an appellate brief "indicating any potential appealable issues." *Id.* Once notified of counsel's brief, the defendant may then submit additional arguments to this court. *Id.* We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.* This court notified Williams of counsel's *Anders* brief, but Williams did not file a response. The government declined to file a brief. Thus, our resolution of the case is based on counsel's *Anders*

3

brief and this court's independent review of the record. That independent review confirms counsel's assertion that this appeal is meritless.

Counsel's *Anders* brief sets out two potential issues that could be raised on appeal, but attests each is unsupported by a good faith basis for reversal. First, counsel notes it could be questioned whether the district court reversibly erred in accepting Williams's guilty plea. As counsel recognizes, however, because the issue was not raised below, it is subject to review only for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). Any assertion the district court erred, let alone did so plainly, is frivolous for those reasons set out in the helpful chart at pages six to nine of counsel's *Anders* brief. The district court carefully complied with the dictates of Fed. R. Crim. P. 11 in accepting Williams's guilty plea. There is no doubt Williams's plea was knowing, intelligent, voluntary, and supported by a sufficient factual basis.

Second, counsel's *Anders* brief recognizes Willliams could seek to challenge the district court's sentencing decision. Again, however, any challenge to the procedural reasonableness of Williams's 140-month sentence is subject to plain error review because no relevant objections were lodged in the district court. *United States v. Mancera-Perez*, 505 F.3d 1054, 1058 (10th Cir. 2007). For those reasons set out in the chart at pages ten to twelve of counsel's *Anders* brief, however, it would be frivolous to argue the district court erred, let alone plainly, in calculating Williams's advisory guidelines range, in considering the 18 U.S.C. § 3553(a) factors, or in announcing sentence. Nor could it be asserted in good faith that the district court abused its discretion by imposing a substantively unreasonable sentence. *United*

4

*States v. Guevara-Lopez*, 147 F.4th 1174, 1183-84 (10th Cir. 2025) ("We review a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard, looking at the totality of the circumstances. . . . We apply this standard with substantial deference to the district court." (quotations omitted)); *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) ("[A] within-Guidelines sentence is entitled to a presumption of substantive reasonableness on appeal.").

Williams may seek to argue he entered his plea because trial counsel told him he was facing 84 to 108 months' imprisonment, when his advisory guideline sentencing range ultimately ended up being 140 to 175 months' imprisonment. Such an argument does not present a nonfrivolous issue in the context of this direct appeal because it is grounded in ineffective assistance of counsel. Such claims must be pursued in collateral proceedings. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (holding that ineffective assistance of counsel claims brought on direct appeal are "presumptively dismissible, and virtually all will be dismissed").

Pursuant to the *Anders* mandate, this court has undertaken an independent review of the entire record in this case. *Calderon*, 428 F.3d at 930. That review demonstrates the potential appellate issues identified by counsel in her *Anders* brief are undeniably frivolous. Likewise, that review reveals no other potentially

5

meritorious issues. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

Entered for the Court

Michael R. Murphy, Circuit Judge