**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JACK L. CHRISMAN,

Defendant-Appellant.

No. 08-1437
(D.C. No. 1:08-CR-000257-JLK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judge.

Jack L. Chrisman appeals his sentence of 63 months' imprisonment imposed following his guilty plea to possessing an unregistered firearm. Chrisman maintains that his sentence is procedurally unreasonable, and therefore he is entitled to a new sentence. Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

---

[*]   After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

In April of 2008, Chrisman was stopped for a traffic violation and a pipe bomb was discovered in the back seat of his car. He was charged with one count of possession of an unregistered firearm, pursuant to 26 U.S.C. §§ 5841, 5861(d), and 5871. He ultimately entered a guilty plea to the charge. At the sentencing hearing, the district court first approved a correction to the presentence report (PSR). As corrected, the PSR calculated Chrisman's total offense level at 19 and his criminal-history category at VI, for an imprisonment range of 63 to 78 months. The government argued for a sentence of 70 months. The defense took the position that "the Court [could] justify under [18 U.S.C. §] 3553 the same type of sentence that the guidelines calculate here, which is a sentence between 5 and 6 years." R. Vol. III at 5. In announcing the sentence of 63 months, the district court stated that it would "follow the [PSR's] recommendation and impose the minimum recommended sentence of 63 months." *Id.* at 8. The court then reviewed the Guidelines calculations resulting in an imprisonment range of 63 to 78 months and stated, "I find no reason to depart from that range, which does not exceed 24 months, and will impose a sentence within that range." *Id.*[1] Before closing the hearing, the court asked the parties if there was anything further and

_____

[1] The court apparently referred to 18 U.S.C. § 3553(c)(1), which requires a district court to explain "the reason for imposing a sentence at a particular point within the [Guidelines] range" for a within-Guidelines sentence whose range exceeds 24 months.

both parties said there was nothing further.

*Discussion*

On appeal, Chrisman argues that his sentence is procedurally unreasonable because the district court improperly treated the Guidelines range as the presumptive imprisonment range. He contends that the court's statement that it found no reason to depart from the Guidelines range was "in effect, . . . an erroneous presumption in favor of a guideline sentence." Aplt. Opening Br. at 4. He further maintains that this characterization of the court's remark is bolstered by the court's failure to discuss at the sentencing hearing the factors listed in 18 U.S.C. § 3553(a).

We agree that a district court may not apply a presumption of reasonableness to a Guidelines sentence. *United States v. Gambino-Zavala*, 539 F.3d 1221, 1231 (10th Cir. 2008). We are not bound by Chrisman's characterization of the record, however. Although the district court stated that it found no reason to depart from the Guidelines, it did not state that it applied a presumption that the Guidelines sentence was reasonable. *Cf. United States v. Arrevalo-Olvera*, 495 F.3d 1211, 1212-13 (10th Cir. 2007) (holding district court erred when it stated that it was required to determine that a Guidelines sentence was unreasonable before it could consider defendant's request for a sentence below Guidelines range), *cert. denied*, 128 S. Ct. 1319 (2008).

Chrisman argued for a sentence of five to six years and he received a sentence at the low end of his request. In addition, he declined the opportunity to have the district court clarify or expand its reasoning for its sentencing decision. Consequently, he has likely waived his sentencing arguments, which would afford him no appellate review. At the very least, he has forfeited his claims. *See United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2007) ("[A] party that has *forfeited* a right by failing to make a proper objection may obtain relief for plain error; but a party that has *waived* a right is not entitled to appellate relief." (quotation omitted)). Therefore, we will review for plain error. *See United States v. Uscanga-Mora*, 562 F.3d 1289, 1293 (10th Cir. 2009) (holding defendant forfeited his claim that district court's statement of reasons was inadequate by not alerting the district court; claim reviewed for plain error). "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cereceres-Zavala*, 499 F.3d 1211, 1217 (10th Cir. 2007) (quotation omitted).

Applying these criteria, "we find we need not look any further than the first prong of the plain error standard of review, because the district court committed no error." *Id.* The district court's stated reasons for selecting the sentence it imposed were quite brief, but the record demonstrates that "the judge rest[ed] his decision upon the Commission's own reasoning that the Guidelines sentence is a

-4-

proper sentence (in terms of § 3353(a) and other congressional mandates)." *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2468 (2007).[2] Further, Chrisman did not ask the court to clarify its "no reason to depart" remark, even though the court provided him an opportunity to do so. His failure to seek clarification prevented the court from "correct[ing] or avoid[ing] the mistake so that it [could not] possibly affect the ultimate outcome." *Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009). Finally, Chrisman received the sentence he requested–he requested and received a sentence at the low end of the sentencing range. For Chrisman to now argue that the district court's sentencing was procedurally unreasonable smacks of invited error. *See United States v. LaHue*, 261 F.3d 993, 1011 (10th Cir. 2001) ("The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was in error." (quotation omitted)). Accordingly, we conclude that Chrisman's sentence is not procedurally unreasonable.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] We are aware that Chrisman does not argue on appeal that the district court's stated reasons are insufficient and, in fact, disclaims any such argument. Aplt. Opening Br. at 8 n.2.