FILED
United States Court of Appeals
Tenth Circuit

July 6, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANASTASIA ANN GRILLO,

Defendant-Appellant.

No. 10-8080
(D.C. No. 2:10-CR-00033-WFD-1)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **HOLMES** and **ANDERSON**, Circuit Judges, **BRORBY**, Senior Circuit Judge.

Anastasia Ann Grillo entered a guilty plea to charges involving conspiracy and distribution of oxycodone. The district court sentenced her to 78 months in prison. She appeals her sentence, claiming it is substantively unreasonable. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm the sentence.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

Ms. Grillo was charged with six counts in a superceding indictment. She entered guilty pleas to the following four counts: count one, conspiracy to possess with intent to distribute and to distribute oxycodone, 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(C); count two, distribution of oxycodone within 1,000 feet of a school, 21 U.S.C. §§ 841(a)(1) & 860; count five, use of a person under the age of 18 to distribute oxycodone, 21 U.S.C. §§ 841(a)(1) & 861; and count six, the use and maintaining of a place for distribution of a controlled substance, 21 U.S.C. § 856(a)(1). The government dismissed count three, possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1); and count four, use of a person under age 18 to distribute oxycodone, 21 U.S.C. §§ 841(a)(1) & 861.

Ms. Grillo stipulated to the following facts underlying her guilty pleas. She obtained oxycodone under prescriptions issued to her to treat pain. She provided some of the oxycodone to others and conspired with them for redistribution in exchange for cash. She distributed oxycodone from her residence, which was within 1,000 feet of a public elementary school. She used at least one person who was under the age of 18 to distribute oxycodone.

Following the entry of her guilty pleas, the United States Probation Office prepared a presentence report (PSR), that calculated Ms. Grillo's sentence pursuant to the United States Sentencing Guidelines (Guidelines). According to

the PSR, the appropriate sentencing range under the Guidelines was 108 to 135 months, based on a total offense level of 31 and a criminal history category of I. Ms. Grillo then filed a sentencing memorandum noting that her criminal history consisted only of a minor shoplifting charge in 2005, her home and vehicle had been forfeited, her husband had divorced her, and she had become dependent on oxycodone due to back pain. Ms. Grillo requested a sentence of 60 to 80 months.

At the sentencing hearing, defense counsel reiterated the request for a below-Guidelines sentence based on Ms. Grillo's age of 60 years, her lack of criminal history, and her medical condition. The prosecutor recommended a sentence at the low end of the Guidelines range and indicated that the government would not object to a below-Guidelines sentence.

In sentencing Ms. Grillo, the district court varied downward to offense level 28, criminal history category I, for a Guidelines range of 78 to 97 months. The court explained that any further downward variance would ignore the seriousness and significance of Ms. Grillo's crimes, the fact that she involved an underage person, and the fact that the crimes were conducted near a school. R. Vol. 3 at 96. The court recognized Ms. Grillo's minimal criminal history and determined that a sentence within this range would serve to meet Congressional sentencing purposes, punish Ms. Grillo sufficiently, serve as a deterrent to others, and allow her to take advantage of prison drug-treatment programs. *Id.* After hearing testimony from Ms. Grillo's minister and a letter written by Ms. Grillo,

the court imposed a sentence of 78 months.[1]  Neither the prosecutor nor the defense attorney objected to the sentence.  On appeal, Ms. Grillo argues that her sentence is substantively unreasonable.

*Analysis*

Substantive reasonableness addresses "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."  *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008) (internal quotation marks omitted).  This court reviews "all sentences–whether inside, just outside, or significantly outside the Guidelines range–under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007); *accord United States v. Smart*, 518 F.3d 800, 806 (10th Cir. 2008).  A below-Guidelines sentence challenged by the defendant as too high is presumptively reasonable.  *United States v. Balbin-Mesa*, No. 10-2161, 2011 WL 2557655, at *4 (10th Cir. June 29, 2011).

Ms. Grillo does not challenge the district court's factual findings or the calculation of her Guidelines sentence, but asserts that her sentence is unreasonably long in light of the factors prescribed for sentencing by § 3553(a). She renews on appeal her claims that the sentence is too long in view of her

---

[1]     The court also imposed six years of supervised release and special-assessment fees of $400.

advanced age of 60 years, her insignificant criminal history, and her medical condition.

We do not reach the merits of Ms. Grillo's claim because any error was invited and therefore waived.[2] "[T]he invited-error doctrine precludes a party from arguing that the district court erred in adopting a proposition that the party had urged the district court to adopt." *United States v. Deberry*, 430 F.3d 1294, 1302 (10th Cir. 2005). Ms. Grillo requested a sentence of 60 to 80 months. She received a 78-month sentence. Ms. Grillo received a sentence within the range she requested, so she has waived her argument that her sentence was substantively unreasonable. *See United States v. Mancera-Perez*, 505 F.3d 1054, 1057 (10th Cir. 2007) (holding that defendant who affirmatively conceded at sentencing that a sentence at the lowest end of the Guidelines range was appropriate had waived his appellate challenge to the substantive reasonableness of that sentence). We decline Ms. Grillo's invitation to adopt a rule against finding invited error unless the defendant received the precise sentence she requested. Therefore, we AFFIRM Ms. Grillo's sentence.

Entered for the Court


Wade Brorby
Senior Circuit Judge

---

[2] We have seen nothing in Ms. Grillo's briefs or the record that "rebuts th[e] presumption" of reasonableness. *Mancera-Perez*, 505 F.3d at 1058 n.4.