**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE CHACON,

Defendant - Appellant.

No. 19-6098
(D.C. No. 5:18-CR-00275-F-1)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

George Chacon pleaded guilty to one count of being a felon in possession of a

firearm. The district court considered the sentencing factors under 18 U.S.C.

§ 3553(a), departed from the guidelines range of 92 to 115 months, and sentenced

Mr. Chacon to 120 months' imprisonment. Even though Mr. Chacon and his attorney

affirmatively requested and consented to this above-guidelines sentence, Mr. Chacon

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

now appeals his sentence as substantively unreasonable. Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I.    BACKGROUND

On July 19, 2018, Oklahoma Highway Patrol conducted a traffic stop on a vehicle driven by Trisha Hunt. Mr. Chacon was a passenger in the vehicle, seated in the rear driver's side passenger seat. As the trooper approached the vehicle, he detected the odor of burnt marijuana. The trooper questioned Ms. Hunt, and she told the trooper she had digital scales and baggies. The trooper later located those items inside Ms. Hunt's purse.

During the traffic stop, the trooper observed Mr. Chacon place his hands inside his pants, causing the trooper to believe that Mr. Chacon was attempting to hide something in his pants. The trooper detained and searched Mr. Chacon, finding a plastic baggie containing approximately 3.5 grams of methamphetamine. The trooper also searched the vehicle, locating a loaded Smith and Wesson .380 pistol, with the grip positioned toward the seat in which Mr. Chacon had been sitting, between the back of the driver's seat and the center console. Through subsequent investigation, law enforcement learned that the pistol had been reported stolen. Following his arrest, Mr. Chacon voluntarily admitted that he owned the pistol. He also admitted that he distributed methamphetamine and brokered drug transactions between other people.

On November 7, 2018, a grand jury indicted Mr. Chacon, charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Chacon pleaded guilty, without a plea agreement, on December 19, 2018. The United States Probation Office prepared a Presentence Investigation Report ("PSR") in which it

2

calculated an advisory sentencing guidelines range of 92 to 115 months based on a total offense level of 23 and a criminal history category of VI. There were no objections to the PSR that affected the calculation of the advisory guidelines range.

Prior to sentencing, Mr. Chacon filed a sentencing memorandum, requesting a sentence below the guidelines range based on "his young age, the circumstances surrounding his firearm possession, and the difficulties in his background (many of which were beyond his control)." ROA, Vol. 1 at 26. At the sentencing hearing held on June 14, 2019, Mr. Chacon's counsel, Ms. Summers, withdrew the request for a below-guidelines sentence. Ms. Summers then requested an above-guidelines sentence of 120 months' imprisonment, the statutory maximum.

Ms. Summers explained that Mr. Chacon had pending state charges in Oklahoma County court and Cleveland County court, which were expected to result in ten years of imprisonment that would run concurrently with his federal sentence. Mr. Chacon had spent time in state custody for prior convictions, and that "seemed to cause more problems for him or perhaps increase the negative anti-social sorts of behaviors." ROA, Vol. 3 at 8. Ms. Summers requested an above-guidelines sentence in federal court because of a concern that "should [Mr. Chacon] receive leniency . . . he might have to spend additional time in state custody afterwards, which . . . was not a productive circumstance for him." ROA, Vol. 3 at 8. It would be in Mr. Chacon's "best interest . . . to spend as much of his incarcerated time in federal custody where he can receive programming in a very positive and constructive way that may help him, because it didn't help him in state custody previously." ROA, Vol. 3 at 9. Ms. Summers "ask[ed] the Court

to consider the whole picture and [Mr. Chacon's] long-term best interest in terms of improving and changing his outlook and . . . becoming a productive citizen at the end of all of this." ROA, Vol. 3 at 9.

Mr. Chacon confirmed twice that he consented to the request for an above-guidelines sentence of 120 months' imprisonment. The district judge ultimately imposed a sentence of 120 months' imprisonment. The district judge explained,

> In so doing, I take into account the nature and circumstances of the offense, the history and characteristics of the defendant, especially, and the need to afford adequate deterrence, at least general deterrence, if not specific deterrence, and, perhaps, above all, the need for incapacitation. I do so with full knowledge, again, that the judgment and sentence in this case will include the language that I have stated, it will include with -- in the hope that the state court will proceed with knowledge of what I have included in this judgment here.
> So whether it's a state court judgment of 10 years or not, whether it's a state court sentence that the state judge runs consecutively or concurrently is not a matter within my control but, for this case, presenting the facts I have before me in this case, I conclude that the sentence that I have stated I intend to impose is a fair, just and lawful sentence.

ROA, Vol. 3 at 16–17.

## II.    DISCUSSION

Mr. Chacon challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonably long based on his personal history and characteristics and the circumstances of the case. Mr. Chacon also argues that his above-guidelines sentence was imposed to promote rehabilitation, which the Supreme Court held was impermissible in *Tapia v. United States*, 564 U.S. 319, 321 (2011).[1] The United States argues that

---

[1] Although Mr. Chacon includes this argument as part of his substantive reasonableness challenge, an alleged error under *Tapia v. United States*, 564 U.S.

4

Mr. Chacon has waived these arguments and the invited error doctrine precludes him from challenging the reasonableness of his sentence on appeal.

"[W]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2007) (internal quotation marks omitted). "Errors that are waived . . . are not subject to plain error review." *United States v. Teague*, 443 F.3d 1310, 1315 (10th Cir. 2006). "Our prior cases make clear that waiver bars a defendant from appealing an invited error." *Carrasco-Salazar*, 494 F.3d at 1272. "The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was error." *United States v. Edward J.*, 224 F.3d 1216, 1222 (10th Cir. 2000) (quotation marks omitted). When a "defendant affirmatively endorses the appropriateness of the length of the sentence before the district court, we conclude that if[] there was error, it was invited and waived." *United States v. Mancera-Perez*, 505 F.3d 1054, 1059 (10th Cir. 2007); *see also United States v. Grillo*, 431 F. App'x 677, 679–80 (10th Cir. 2011) (unpublished) (declining to reach the merits of the defendant's substantive reasonableness claim under the invited error doctrine because she received a sentence within the range she requested); *United States v. Chrisman*, 336 F. App'x 821, 823 (10th Cir. 2009) (unpublished) ("Finally, [the defendant] received the sentence he requested . . . . For [the defendant] to now argue that the district court's sentencing was procedurally unreasonable smacks of invited error.").

---

319, 321 (2011), is a procedural reasonableness challenge. *See United States v. Thorton*, 846 F.3d 1110, 1112 (10th Cir. 2017). This does not alter the analysis.

When Mr. Chacon's attorney withdrew his request for a below-guidelines sentence at the sentencing hearing, Mr. Chacon waived any argument for such a sentence. Rather than ask for a guidelines-range sentence, Mr. Chacon's attorney requested the court to impose an above-guidelines sentence of 120 months' imprisonment, the statutory maximum. Mr. Chacon verbally confirmed twice in open court that he consented to the request for a 120-month sentence. Mr. Chacon received the sentence he requested; the court imposed the requested 120-month sentence, properly relying on specific 18 U.S.C. § 3553(a) factors to justify the length of the sentence. Because Mr. Chacon received the sentence he requested, if there was any error, it was invited and therefore waived. *See Mancera-Perez*, 505 F.3d at 1059. Thus, Mr. Chacon has waived any challenge that his sentence is substantively unreasonable.

Mr. Chacon has likewise waived any challenge that his sentence was imposed to promote rehabilitation in contravention of *Tapia*. The premise of Mr. Chacon's *Tapia* argument is that "what Mr. Chacon requested and what the district court did was impose a particular sentence in order to increase the likelihood of effective programming and promote his rehabilitation." Opening Br. at 15. In this statement, Mr. Chacon concedes that *he* requested the 120-month sentence to promote his rehabilitation, and he now seeks reversal on the ground that this requested action was error. Again, because Mr. Chacon received the sentence he requested, if there was any error, it was invited and therefore waived. *See Mancera-Perez*, 505 F.3d at 1059.

6

## III.    CONCLUSION

Accordingly, we **AFFIRM** Mr. Chacon's sentence.

Entered for the Court

Carolyn B. McHugh
Circuit Judge