**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DAVID TODD HECKENLIABLE, also
known as David Todd Heckliable,

    Defendant-Appellant.

No. 05-4089

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:04-CR-697-PGC)**

---

Diana Hagen, Assistant United States Attorney (Paul M. Wagner, United States Attorney, with her on the brief), Salt Lake City, Utah, for Plaintiff-Appellee.

Jill M. Wichlens, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, with her on the brief), Denver, Colorado, for Defendant-Appellant.

---

Before **KELLY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

Section 922(g)(9) of Title 18 makes it unlawful for any person previously convicted of a "misdemeanor crime of domestic violence" to possess a firearm.[1] Section 921(a)(33)(A) defines the term "misdemeanor crime of domestic violence" as a federal, state, or tribal offense that–

> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

The issue raised in this appeal is whether the domestic relationship component of § 922(g)(9) need be an element of the predicate misdemeanor offense. Although this is an issue of first impression in our circuit, the nine circuits that have addressed this question have agreed, albeit for varying reasons, that it need not.[2] We exercise jurisdiction under 28 U.S.C. § 1291.

---

[1] 18 U.S.C. § 922(g)(9) reads in full:

(g) It shall be unlawful for any person–

* * *

(9) who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate commerce or foreign commerce.

[2] See United States v. Belless, 338 F.3d 1063, 1065-67 (9th Cir. 2003); White v. Dept. of Justice, 328 F.3d 1361, 1364-67 (Fed. Cir. 2003);United States v. Shelton, 325 F.3d 553, 561-562 (5th Cir. 2003); United States v. Kavoukian, 315 F.3d 139, 142-145 (2d Cir. 2002); United States v. Barnes, 295 F.3d 1354, 1358-1366 (D.C. Cir. 2002);

(continued...)

Reviewing this question of statutory interpretation de novo, see Hill v. Smithkline Corp., 393 F.3d 1111, 1117 (10th Cir. 2005), we join our sister circuits, and affirm.

I.

Defendant David T. Heckenliable pled guilty to violating 18 U.S.C. § 922(g)(9). The district court sentenced Defendant to fifty-seven months imprisonment. Prior to his guilty plea, the district court ruled in the context of Defendant's motion in limine that a "misdemeanor crime of domestic violence" does not require a domestic relationship element. See United States v. Heckenliable, 2005 WL 856389, at * 2 (D. Utah April 13, 2005) (unpublished). On appeal, Defendant challenges his conviction arguing his guilty plea is constitutionally invalid because the district court misinformed him of the elements necessary to sustain a conviction under § 922(g)(9).[3] See Bousley v. United States, 523 U.S. 614, 618 (1998) (explaining a plea is not voluntary in the sense it constitutes an admission of guilt unless the accused receives "real notice of the true nature of the charges against him"). Specifically, Defendant argues that to constitute a "misdemeanor

---

[2](...continued)
United States v. Ball, 7 Fed. Appx. 210, 213 (4th Cir. 2001) (per curiam); United States v. Chavez, 204 F.3d 1305, 1313-14 (11th Cir. 2000); United States v. Meade, 175 F.3d 215, 218-21 (1st Cir. 1999); United States v. Smith, 171 F.3d 617, 619-21 (8th Cir. 1999).

[3] Defendant concedes he did not challenge the validity of his plea before the district court. The Government, however, does not argue Defendant waived his present challenge, and accordingly, has waived the waiver. See United States v. Reider, 103 F.3d 99, 103 n. 1 (10th Cir. 1996); accord United States v. Woods, 148 F.3d 843, 849 n. 1 (7th Cir. 1998); Atkins v. New York City, 143 F.3d 100, 102-03 (2d Cir. 1998). We will consider the merits of Defendant's challenge.

crime of domestic violence" under § 922(g)(9), the predicate misdemeanor offense must have as an element a domestic relationship between the perpetrator and the victim of the predicate misdemeanor. In this case, the predicate misdemeanor offense that formed the basis for Defendant's § 922(g)(9) prosecution was a prior guilty plea to simple assault under Utah Code Ann. § 76-5-102. Simple assault as defined in § 76-5-102 does not have a domestic relationship element.[4] Accordingly, Defendant argues his prior conviction does not qualify as a misdemeanor crime of domestic violence, and therefore, he cannot be guilty of violating § 922(g)(9) as a matter of law.[5]

II.

While the definition of a "misdemeanor crime of domestic violence" contained in

---

[4] Utah Code Ann. § 76-5-102 provides:

Assault is:
   (a) an attempt, with unlawful force or violence, to do bodily injury to another;
   (b) a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or
   (c) an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another.

[5] Defendant also argues his plea lacked a sufficient factual basis. See Fed. R. Crim. P. 11(b)(3). Defendant argues that "[t]o demonstrate a factual basis for a plea to violating § 922(g)(9), it must be shown that the predicate offense relied upon had as an express element a domestic relationship between the victim and the perpetrator" and because the Utah simple-assault statute does not have this element "[there] could have been no[] factual basis for Mr. Heckenliable's plea." Our holding that a domestic relationship need not be an element of the predicate misdemeanor offense disposes of Defendant's alternative argument.

4

§ 921(a)(33)(A) is not a model of clarity or preciseness,[6] we agree with our sister circuits that neither the syntax nor the grammar of the statute require the predicate misdemeanor offense to have a domestic relationship element. We agree with the First, Eighth, and Ninth Circuits that Congress's use of the singular noun "element" is indicative that the misdemeanor offense only requires one element, namely, the use of force. As the Ninth Circuit explained:

> The definition says "has as an element," not, for instance, "has as elements," indicating that it speaks only of a single element rather than in the plural. Immediately following the word "element" is the phrase "use or attempted use of physical force or threatened use of a deadly weapon." This is a discrete attribute that clearly qualifies as an "element" of the underlying crime. After that comes a second, distinct attribute–the domestic relationship. The amount of force used and the relationship between the aggressor and victim are two very different things, and thus would constitute two different elements. Since the statute only requires one element, we read it to require only the one immediately following the word "element" in the statute–i.e. the use of physical force.

United States v. Belless, 338 F.3d 1063, 1065-67 (9th Cir. 2003); accord United States v. Meade, 175 F.3d 215, 218-21 (1st Cir. 1999) ("[A]bsent evidence that Congress wished to deviate from customary usage, [the word 'element'] should be read to refer only to the immediately following attribute."); United States v. Smith, 171 F.3d 617, 619-21 (8th Cir.

---

[6] For example, § 921(a)(33)(A) begins with the phrase "except as provided in subparagraph (C), the term 'misdemeanor crime of domestic violence' means[.]" Congress, however, neglected to enact a subparagraph (C). We are not the only circuit that has noted this discrepancy. See United States v. Belless, 338 F.3d 1063, 1065-67 (9th Cir. 2003)

5

1999) (same).[7] This interpretation is reinforced by the observation that the word "element" as used in the definition of a "misdemeanor crime of domestic violence," is followed by two distinct sentence fragments, each describing a distinct attribute (the use of physical force and the domestic relationship requirement), and each separated by a comma. See United States v. Barnes, 295 F.3d 1354, 1364 (D.C. Cir. 2002) (explaining "the 'committed by' language is itself separated from the "use of force" language by a comma . . . reinforc[ing] the separateness of the 'use of force' element from the 'committed by' language.").[8]

---

[7] Defendant argues Congress has previously used the singular noun "element" to modify two distinct consecutive attributes in a sentence. See 18 U.S.C. § 16(a) (defining "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."). Assuming § 16(a) may be construed as containing two distinct elements, we remain unpersuaded. When defining a crime having more than one element, Congress generally uses the phrase "has as its elements." See, for example, 18 U.S.C. § 3559(c)(2). In § 3559(c)(2)(A) Congress defined "assault with intent to commit rape" as "an offense that has *as its elements* engaging in physical contact with another person or using or brandishing a weapon against another person with intent to commit aggravated sexual abuse or sexual abuse[.]" (emphasis added). Similarly, in 42 U.S.C. § 14071(a)(3)(B) Congress defined "sexually violent offense" as an offense "that has *as its elements* engaging in physical contact with another person with intent to commit aggravated sexual abuse or sexual abuse." (emphasis added). In any event, we are persuaded that neither the syntax or grammar of § 921(a)(33)(A)(ii) requires that we construe this provision as Defendant suggests.

[8] We also agree with the D.C. Circuit that "an unnatural reading would result if 'committed by' were construed to modify 'use of force.'" Id. at 1360 & n. 7. Properly construed, a "misdemeanor crime of domestic violence" requires the domestic relationship element to be charged and proven as an element of a § 922(g)(9) violation, not as an element of the underlying misdemeanor. This is because the verb "commit" is best understood as modifying the word "offense" at the beginning of the definition of a

(continued...)

We further are persuaded in our interpretation of § 921(a)(33)(A), as were the First and D.C. Circuits, by the fact Defendant's interpretation would frustrate Congress's intent behind the law and would create a "significant practical anomaly," rendering the law a nullity in a majority of the states. See Meade, 175 F.3d at 200; Barnes, 295 F.3d at 1364. Our interpretation must give practical effect to Congress's intent, rather than frustrate it. See United States v. American Trucking Ass'ns, 310 U.S. 534, 542 (1940). The purpose of § 922(g)(9) was to remedy the disparate treatment nationwide between those persons convicted of a felony involving domestic assault, who were prohibited from possessing a firearm, see 18 U.S.C. § 922(g)(1), and those persons convicted of a misdemeanor involving domestic assault, who were not. A majority of states, including Utah, charge domestic violence offenders under their general assault statutes. In fact, fewer than half of the states have misdemeanor "domestic assault" statutes that, in addition to the element of force, also include a domestic relationship element. See Barnes, 295 F.3d at 1365 n. 12 (noting that only nineteen states have assault statutes directed specifically toward domestic violence). Under Defendant's interpretation, § 922(g)(9) would be rendered a nullity in all of these states. See Meade, 175 F.3d at 220 (noting that requiring a domestic relationship element for the predicate misdemeanor "would render the statute a dead letter

---

[8](...continued)
"misdemeanor crime of domestic violence." A person is said to "commit" an offense. But a person cannot commit "use" or commit "force." Id.; see also Belless, 338 F.3d at 1068.

7

in most jurisdictions"). We do not think Congress intended to create such disparity in the application of § 922(g)(9). As Barnes, 295 F.3d at 1354, aptly explained: "Under [Defendant's] construction, the Congress remedied one disparity – between felony and misdemeanor domestic violence convictions – while at the same time creating a new disparity among (and sometimes, within) states." We decline to ascribe such an intent to Congress when it enacted § 922(g)(9).[9]

AFFIRMED.

---

[9] Section 921(a)(33)(A)'s legislative history is consistent with our interpretation. See e.g., 142 Cong. Rec. S11872-01 (Statement from Senator Lautemberg directly addressing the applicability of § 922 to crimes not having a domestic relationship element). Defendant conceded at oral argument the legislative history does not favor his position. Defendant, however, argues we should not resort to legislative history to clear up any ambiguity, but should instead apply the rule of lenity. We reject this argument. While we recognize the syntax of the statute is imprecise, we do not find its language ambiguous. Thus, we do not resort to legislative history to resolve an ambiguity, but cite to it only to confirm what we have said, namely, that the predicate misdemeanor does not require a domestic relationship element. See United States v. Noland, 517 U.S. 535, 539 (1996) (confirming Congress's intent through principles of statutory construction as well as legislative history). Moreover, the rule of lenity is reserved for those cases "in which a reasonable doubt persists about a statute's intended scope even *after* resort to the language and structure, legislative history, and motivating policies of the statute." Moskal v. United States, 498 U.S. 103, 108 (1990). Such is not the case here.