FILED
United States Court of Appeals
Tenth Circuit

October 19, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAVIER CORCHADO-AGUIRRE,

    Defendant - Appellant.

No. 15-2115
(D.C. No. 2:15-CR-00393-JB-1)
(D. N. Mex.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

## I. BACKGROUND

Javier Corchado-Aguirre appeals his 16-month prison sentence for unlawfully returning to the United States following removal. He previously had been convicted on four separate occasions for illegal entry or re-entry. He was sentenced on the fourth conviction to 15 months, based in part on having assaulted a correctional officer.

Mr. Corchado-Aguirre challenges his sentence in this case as procedurally unreasonable, asserting the district court misunderstood the law in imposing it. He does

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

not contest on appeal that the district court correctly calculated Mr. Corchado-Aguirre's advisory guideline range to be 10 to 16 months. But, he contends, the district court mistakenly believed it was legally obligated to sentence him to a term that was longer than his previous illegal entry sentence for 15 months, and this legal error was an abuse of discretion.[1] Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we disagree with Mr. Corchado-Aguirre's argument and affirm his sentence.

## II. **DISCUSSION**

We review Mr. Corchado-Aguirre's procedural reasonableness challenge to his sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States,* 518 U.S. 81, 100 (1996).

### A. *District Court Statements*

In their briefs, the parties quote the district judge's following statements:

---

[1] Our review of the transcript of the July 16, 2015 sentencing hearing fails to find that the defendant objected to his 16-month sentence on this ground. Nor was this argument made in the defendant's sentencing memoranda of April 15 and June 26, 2015. ROA, Vol. 2 at 1-11, 14-30. Nonetheless, the Government argues the merits in its brief and does not mention waiver, thereby "waiving the waiver," if there is one. *See Abernathy v. Wandes,* 713 F.3d 538, 552 (10th Cir. 2013); *United States v. Heckenliable,* 446 F.3d 1048, 1049 n.3 (10th Cir. 2006) ("Defendant concedes he did not challenge the validity of his plea before the district court. The Government, however, does not argue Defendant waived his present challenge, and accordingly, has waived the waiver. We will consider the merits of Defendant's challenge." (citations omitted)); *United States v. Reider,* 103 F.3d 99, 103 n.1 (10th Cir. 1996) (reaching the merits where "the government has not contended that [the defendant's waiver] preclude[s] defendant from challenging" the relevant district court rulings).

**April 22, 2015 Transcript of Sentence Proceedings:**

"The problem is that . . . the sentences are getting longer, and nothing seems to work here. So . . . I don't really have much choice, do we, that if he's going to continue to violate the law, we just have to lock him up? . . . . I just don't see a solution here other than some specific deterrence, or otherwise, he's just going to continue to violate the law." ROA, Vol. 4 at 7-8 (Tr. 4/22/15).[2]

**July 16, 2015 Transcript of Sentencing Hearing:**

"[I]t would not be appropriate to sentence him to the same things he's received in the past." ROA, Vol. 4 at 16 (Tr. 7/16/15).

"I agree with [the prosecutor that] what we're really working with is a base level of 15 months. I mean, regardless of how he got there and what the lawyer did in that case in the Western District of Texas, the judge there gave him 15 months, and that doesn't seem to deter Mr. Corchado-Aguirre. And so I don't think returning to something below that would be appropriate here." *Id.* at 18.

"[H]e's competent, . . . . [H]e seems to understand what we're doing here in the courtroom, and he's just going to have to . . . realize that he can't come back into the United States." *Id.*

**August 31, 2015 Unsealed Memorandum Opinion:**

"[The] Court's only deterrence tool is increased severity." Suppl. ROA, Vol. 2 at 38.

"[D]isparity is simply [the] nature of the fast-track system, because each district has discretion in how to implement its fast-track policy." *Id*. at 47.

"The fact remains that—however and why he got a 15-month sentence—he got it, and yet he came back over to the United States. How and why he got the 15-month sentence is far less significant to the Court than the fact that he got it

---

[2] The digital court docket lists two entries for "Volume 3" of the record filed on August 12, 2015. The second of these volumes was clearly intended to be the fourth volume, and we cite it as such. Also, the pages in this volume are not separately numbered. The volume consists of the transcripts of the April 22, 2015 sentencing proceeding and the July 16, 2015 sentencing hearing. The page numbers referenced here are the page numbers from the respective transcripts. We note the aforementioned transcripts also were attached to Mr. Corchado-Aguirre's opening brief as Attachments B and C.

and that it failed to deter him from committing the same crime yet again." *Id.* at 55.

> "Congress requires the Court to consider deterrence in crafting an appropriate sentence. . . . Corchado-Aguirre previously received a sentence of 15-months imprisonment, yet he was back in the United States a short time later. It thus appears that a 15-month sentence is not sufficient to deter him from violating the United States' immigration laws. Accordingly, the Court will sentence Corchado-Aguirre to a longer sentence to reflect Congress' mandate that the Court consider deterrence in composing a sentence." *Id.* at 58.

The parties dispute the significance of these statements. Mr. Corchado-Aguirre argues they show the district court erroneously thought 18 U.S.C. § 3553(a)(2)(B) required a longer sentence than the one he received for his most recent offense. The Government argues they show the district court considered the sentencing factors under 18 U.S.C. § 3553(a), including deterrence under (a)(2)(B), and determined that a 16-month sentence would be a "sufficient, but not greater than necessary" sentence. 18 U.S.C. § 3553(a).

### B. *No District Court Misunderstanding of the Law*

Viewing the foregoing statements individually and collectively, and considering the record as a whole, we conclude Mr. Corchado-Aguirre's position that the district court misunderstood the law is an inaccurate reading of what the district court said. His argument is that the court equated the § 3553(a) requirement to "consider" various sentencing factors with a legal requirement to impose a particular sentence. But that is not what the court said or did.

When the district court rejected the plea agreement, it did so because the agreement's sentencing range of 6 to12 months did not permit adequate consideration of

the § 3553(a) factors, including deterrence. ROA, Vol. 4 at 3-4, 15 (Tr. 4/22/15); *see* Suppl. ROA, Vol. 2 at 24-25. It then considered the § 3553(a) factors as applied to Mr. Corchado-Aguirre's circumstances and determined the sentence on the basis of that analysis.

Under 18 U.S.C. § 3553(a), "[t]he court, in determining the particular sentence to be imposed, shall consider" various factors. One of those factors is "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." *Id.* § 3553(a)(2)(B). The sentencing transcript and the district court's memorandum opinion reflect that the court understood its legal obligation to "consider" this factor and that the court did consider this factor. The court further stated it had considered all of the § 3553(a) factors in determining the sentence. ROA, Vol. 4 at 17 (Tr. 7/16/15); Suppl. ROA, Vol. 2 at 61.

The district court sentenced Mr. Corchado-Aquirre to 16 months—the high end of the guideline range. *See* ROA, Vol. 4 at 16 (Tr. 7/16/15). Its conclusion that the need for deterrence called for a sentence that was one month longer than his previous sentence for illegal re-entry was not based on an understanding that the law dictated such a result but instead on its consideration that 15 months did not deter Mr. Corchado-Aguirre from reoffending for the fifth time. The court decided a longer sentence was needed to provide added deterrence.

Although the district court said it did not "have much choice" and "what we're really working with is a base level of 15 months," these statements were made in the context of considering Mr. Corchado-Aguirre's criminal and sentencing history and the

- 5 -

need to afford adequate deterrence.  At no point did the court state that § 3553(a)(2)(B) requires a court as a matter of law to impose a higher sentence than one previously imposed for the same or similar offense or that it required the court to impose a 16-month sentence in this case.  Instead, the court explained:

- "[T]he sentences [for Mr. Corchado-Aguirre' illegal entry offenses] are getting longer, and nothing seems to work here."

- "I just don't see a solution here other than some specific deterrence, or otherwise, he's just going to continue to violate the law."

- "[I]t would not be appropriate to sentence him to the same things he's received in the past."

- "15 months . . . doesn't seem to deter Mr. Corchado-Aguirre."

- "[T]he 15-month sentence . . . failed to deter him from committing the same crime yet again."

Although not quoted in the briefs, the following passage from the district court's post-sentence memorandum opinion further shows the court imposed a 16-month sentence, not because it thought the law compelled it, but because the defendant's history of immigration offenses and sentences and the deterrence considerations called for it in this case:

> Congress has mandated that the Court consider deterrence in sentencing Corchado-Aguirre.  This is his fifth immigration offense.  For his last offense, he received a sentence of 15-months imprisonment, yet that sentence was not sufficient to deter him from committing another immigration offense.  This continual disregard of the United States' immigration laws suggests that a greater-than-15-month sentence is necessary to sufficiently deter Corchado-Aguirre from committing future offenses.  General deterrence also calls for a longer sentence.  For someone to repeatedly violate United States' immigration laws, yet receive light, or increasing lighter, sentences, signals to others that it is not a big deal to repeatedly defy United States' laws.

Suppl. ROA, Vol. 2 at 38-39.

In short, we disagree with Mr. Corchado-Aguirre's interpretation of the district court's statements, and we disagree that the district court misunderstood the law. It follows there was not legal error and no abuse of discretion.

## C. *Defendant's Case Law*

Mr. Corchado-Aguirre primarily relies on two Tenth Circuit cases. His reliance on *United States v. Sabillon-Umana*, 772 F.3d 1328 (10th Cir. 2014), is misplaced. In that case, this court held the district court had erred as a matter of law in concluding that the prosecution rather than the court determines the sentence reduction for a defendant's substantial assistance under U.S.S.G. § 5K1.1. *Id*. at 1332. No such legal error occurred here. The district court correctly determined that under § 3553(a)(2)(B) it must consider deterrence in imposing sentence on Mr. Corchado-Aguirre.

Mr. Corchado-Aguirre's reliance on *United States v. Cerno*, 529 F.3d 926 (10th Cir. 2008), is similarly unavailing. In *Cerno*, the district court refused to consider the amount of force used to commit aggravated sexual abuse, stating it was "not permitted" to do so. *Id.* at 939. Because 18 U.S.C. § 3553(a)(1) states the court "shall consider . . . the nature and circumstances of the offense," we held this was "procedural sentencing error." *Id.* Here, the district court, consistent with *Cerno*, did what § 3553(a)(2)(B) requires—"consider" deterrence "in determining the particular sentence to be imposed."

## D. *Defendant's Plan*

Finally, Mr. Corchado-Aguirre, as part of his argument that the district court mistakenly thought the law required a sentence above 15 months, contends the court

- 7 -

"ignored the possibility that Mr. Corchado's post-removal, medical-treatment and life-changing plan"—which involved obtaining mental health care and moving to a part of Mexico "with decent job prospects"—"would keep him out of this country." Aplt. Br. at 33-34. Partly in response to the court's comment about "not [being] sure how what mental health problems he has are leading him to come back into the United States," ROA, Vol. 4 at 9 (Tr. 4/22/15), defense counsel presented the plan for mental health treatment at the April 22, 2015 sentencing proceeding. *Id.* at 9-11. Defendants' sentencing memoranda also discussed the mental health issue.

In its memorandum opinion, the district court said it denied any requests for variances that Mr. Corchado-Aguirre had advanced, indicating that the court had, in fact, considered defendant's proposed plan. Moreover, the court discussed Mr. Corchado-Aguirre's mental health in the sentencing proceedings and its memorandum opinion. ROA, Vol. 4 at 9 (Tr. 4/22/15), 18 (Tr. 7/16/15); Suppl. ROA, Vol. 2 at 5-11, 25-27, 52. Mr. Corchado-Aguirre's argument lacks a sufficient basis in the record and is otherwise unconvincing in attempting to show the district court misunderstood its legal obligations under federal sentencing law.

## III.  **CONCLUSION**

For the foregoing reasons, we affirm Mr. Corchado-Aguirre's 16-month sentence.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge