BACHARACH, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s well-reasoned discussion in Parts I and 11(A) and (B), but I respectfully disagree with Part 11(C). In my view, we should reverse the award of summary judgment on the reinvestigation claim.
As the majority explains, Trans Union and Experian had a duty to conduct a reasonable reinvestigation after learning of Mr. Wright’s dispute. The general rule is that the reasonableness of the reinvestigation entails an issue of fact, not of law. See Westra v. Credit Control of Pinellas, 409 F.3d 825, 827 (7th Cir.2005) (stating that the reasonableness of an investigation under the Fair Credit Reporting Act is a factual question normally reserved for trial); Seamans v. Temple Univ., 744 F.3d 853, 864-65 (3d Cir.2014) (stating that the reasonableness of a consumer reporting agency’s procedure is normally a question for trial). In my view, we should apply the general rule on the sufficiency of the rein.vestigation.
When responding to the summary judgment motion, Mr. Wright presented evidence that he had supplied the notice of a tax lien to both Trans Union and Experian. In light of that evidence, a fact finder could legitimately infer that Trans Union and Experian should have consulted the actual notice rather than rely on secondhand accounts. If the agencies had consulted the actual notice, they would have seen this document (without the highlighting):
*1246 [[Image here]]
On its face, the notice is ambiguous, The fact finder could interpret the notice as a lien against Mr. Wright’s agency (a limited liability company), against Mr. Wright in his personal capacity, or against both the limited liability company and Mi Wright. The name of Mr. Wright’s agenc; is “Attorneys Title Insurance Agency o Aspen.” The word “Aspen,” however does not appear in the notice. And Mr *1247 Wright is listed only with the designation “member.” Under state law, members of a limited liability company (like Attorneys Title Insurance Agency of Aspen) are not subject to personal liability for the company’s debts. See Colo.Rev.Stat. Ann. § 7-80-705 (West 2015) (“Members ... of limited liability companies are not liable under a judgment, decree, or order of a court, or in any other manner, for a debt, obligation, or liability of the limited liability company.”).
Trans Union and Experian point out that they had few opportunities to obtain clarification. For example, Trans Union and Experian state that they could not obtain clarification from the creditor (the Internal Revenue Service). Appellees’ Answering Br. at 40, 44. If that is true, Trans Union and Experian might have turned to Mr. and Mrs. Wright, who had insisted that the lien involved only the insurance agency. But Trans Union and Experian could reasonably reject the account of Mr. and Mrs. Wright because of their self-interest. Thus, Trans Union and Experian were left with only the ambiguous notice of a tax lien.
Trans Union and Experian argue that it would be “unnecessary and costly” to require consumer reporting agencies to review the actual notice of a tax lien. Id. at 18. Here, however, Mr. and Mrs. Wright sent the actual notice to both Trans Union and Experian. And both entities represent that they did review the actual notice. Id. at 12-13, 19, 36, 38. With that representation, the fact finder could justifiably infer that Trans Union and Experian should have recognized the ambiguity in the notice, regardless of what others said about the contents. See, e.g., id. at 39, 43-44 (arguments by Trans Union and Expe-rian that they could assess the dispute based on the notice of a tax lien).
The resulting question is whether a fact finder could fault Trans Union and Experi-an for refusing to delete reference to the personal hen after finding themselves unable to verify who the hen was against. To answer this question, we must turn to federal law, 15 U.S.C. § 1681i(a)(5)(A), which requires deletion fi'om a personal credit report when a personal hen proves impossible to verify:
If, after any reinvestigation ... of any information disputed by a consumer, an item of the information is found to be ... incomplete or cannot be verified, the consumer reporting agency shall—
(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation....
15 U.S.C. § 1681i(a)(5)(A) (2012).
The majority states that Mr. Wright waived reliance on § 1681i(a)(5) by failing to cite this provision in district court. For the sake of argument, let’s assume that the majority is correct about waiver. But “[wjaiver ... binds only the party, not the court.” Planned Parenthood of Kan. and Mid-Mo. v. Moser, 747 F.3d 814, 837 (10th Cir.2014). Even if Mr. Wright waived reliance on § 16811(a)(5), we would retain discretion to address the issue. Id. In my view, there are two strong reasons for us to consider § 1681i(a)(5) even if Mr. Wright had waived reliance on this provision in district court.
First, Trans Union and Experian “waived the waiver” by failing to argue on appeal that Mr. Wright had failed to preserve reliance on § 1681i(a)(5). See United States v. Heckenliable, 446 F.3d 1048, 1049 n. 3 (10th Cir.2006) (explaining that the government had “waived the waiver” by failing to argue that the defendant had forfeited his appeal point).
Second, Mr. Wright argued in district court that Trans Union and Experian had failed to verify the existence of a personal *1248 lien. Appellant’s App., vol. 2, at 663. To evaluate this argument, we must decide whether the law required the defendants to verify the existence of a personal lien. See U.S. Nat’l Bank of Or. v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 447, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (“[A] court may consider an issue ‘antecedent to ... and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief.” (quoting Arcadia v. Ohio Power Co., 498 U.S. 73, 77, 111 S.Ct. 415, 112 L.Ed.2d 374 (1990))). For that decision, we must consider the applicable law, which appears in § 1681i(a)(5). Thus, we must consider § 1681i(a)(5) if we are to assess whether the reinvestigation was reasonable as a matter of law. See Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 99, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991) (holding that a party did not waive reliance on state law because “[w]hen an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law”).
For both reasons, I would assess the defendants’ argument on reinvestigation against the backdrop of the.pertinent law: 15 U.S.C. § 1681i(a)(5).
Under this law, a fact finder could reasonably conclude that Trans Union and Experian were unable to verify from the notice that it included a lien against Mr. Wright. With this conclusion, the fact finder could reasonably determine that the reinvestigation should have led Trans Union and Experian to delete the personal lien from the credit reports. See Pinner v. Schmidt, 805 F.2d 1258, 1262 (5th Cir.1986) (stating that the consumer reporting agency should have deleted the reported information under § 1681i(a) if verification would have been possible only through an individual known to have past disagreements with the plaintiff).[1]
Notwithstanding the ambiguity in the notice, Experian said that LexisNexis had listed Mr. Wright as a “responsible taxpayer.” Appellees’ Answering Br. at 12. But a fact finder could reasonably question Experian’s reliance on LexisNexis’ response. In responding to Experian’s inquiry, LexisNexis identified' where the county clerk had filed the lien and the lien release. Appellees’ Suppl. App. at 161. But LexisNexis did not say whether it had reviewed the actual notice.
*1249 [[Image here]]
If LexisNexis, Experian, or Trans Union had looked at the actual .notice (which Mr. Wright had sent), they would have seen that it was ambiguous. The district court recognized the ambiguity but mistakenly concluded that the ambiguity supported summary judgment for Trans Union and Experian. Appellant’s App., vol. 4, at 1399-400. In doing so, the court reasoned that Trans Union and Experian could have justifiably inferred that the notice of tax lien applied to Mr. Wright in his personal capacity. Id. In drawing this inference, the court misunderstood the test to be applied to Trans Union and Experian’s reinvestigation. If the notice remained ambiguous after the reinvestigations, as the district court concluded, the existence of a personal lien would have been impossible to verify. Thus, under federal law, a fact finder could rationally conclude that Trans Union and Experian should have deleted the entry as a personal debt of Mr. Wright. See 15 U.S.C. § 1681i(a)(5) (2012).
As a result, I respectfully dissent from the majority’s conclusion in Part 11(C).

. For reasons ably explained by the majority, a consumer reporting agency ordinarily will not need to verify a lien with the Internal Revenue Service. Here, however, the existence of a personal lien was based on guesswork about how to interpret the IRS notice.