BACHARACH, Circuit Judge,
dissenting.
This appeal grew out of a dispute between a mortgagee (Home Loan Investment Company) and its insurer (St. Paul *1271 Mercury Insurance Company) over the terms of an insurance policy. The policy insured Home Loan for damage to real property if Home Loan was considered a “mortgagee in possession.” To qualify as a mortgagee in possession, Home Loan had to have possession, care, custody, or control of the property.
The property was damaged, and Home Loan submitted an insurance claim. After investigating, St. Paul denied the claim on the ground that Home Loan had not obtained possession, care, custody, or control: In St. Paul’s view, the property remained in the hands of the mortgagor. Home Loan disagreed and sued under Colorado statutes, Colo. Rev. Stat. §§ 10-3-1115, -1116 (LEXIS through First Reg. Sess. of 70th Gen. Assembly, 2015), which prohibit insurers from unreasonably handling a claim.
At trial, St. Paul argued that it was entitled to judgment as a matter of law because Home Loan had not presented evidence of claims-handling practices that might be considered unreasonable. The district court rejected this argument and submitted Home Loan’s statutory claim to the jury. The jury found that St. Paul had acted unreasonably, and the district court awarded judgment to Home Loan on its statutory claim. In my view, we should reverse because St. Paul’s handling of the claim was reasonable as a matter of law.
1. St. Paul has raised a sufficiency of the evidence argument on appeal.
The majority concludes that St. Paul has not challenged the sufficiency of the evidence regarding unreasonable conduct in handling the claim. I respectfully disagree with this conclusion.
I do, however, appreciate the difficulty in determining whether St. Paul has challenged the sufficiency of the evidence. If one looks solely at the headings in its opening brief, St. Paul appears to make three arguments: (1) St. Paul’s denial of Home Loan’s claim was reasonable as a matter of law because coverage was at least fairly debatable, (2) the Colorado statutes do not apply to the underwriting process, and (3) the district court erred in awarding three times the covered benefits rather than twice the covered benefits. In oral argument, St. Paul again explained that these were the three issues presented on appeal.
Based on this framing of the issues in St. Paul’s opening brief and in oral argument, the majority concludes that St. Paul raises only legal arguments and does not challenge the sufficiency of the evidence on the reasonableness of St. Paul’s claims-handling conduct. In my view, however, the majority overlooks how St. Paul goes about making its first and second arguments (that the claim denial was reasonable as a matter of law and that the statutes do not apply to the underwriting process).
St. Paul argues that the district court erred in failing to grant its motion for judgment as a matter of law. In its opening brief, St. Paul asks us five times to remand with instructions to grant its motion for judgment as a matter of law. St. Paul’s Opening Br. at 14, 22, 34, 38, 54. By definition, a motion for judgment as a matter of law is appropriate only when the evidence is insufficient for an adverse judgment. See 9B Arthur R. Miller, Federal Practice and Procedure § 2531 Standard Distinguished from Other Procedures — New Trial (3d ed. 2015).
The majority and I agree that St. Paul is arguing that the district court should have granted the motion for judgment as a matter of law. But the majority and I disagree on St. Paul’s underlying rationale for this argument. The majority characterizes St. Paul’s rationale as a legal argument. Though I agree that St. Paul frames part *1272 of its argument as a legal one involving the scope of the Colorado statutes, I believe that St. Paul has also challenged the sufficiency of the evidence. St. Paul had to do that to obtain the relief it requested: judgment as a matter of law.
St. Paul understood sections 10-3-1115 and 10-3-1116 to penalize unreasonable conduct at the claims-handling stage. After all, St. Paul’s heading 11(C) states: “Section 10-3-1116(1) provides a remedy only for unreasonable claims handling, not underwriting.” St. Paul’s Opening Br. at 27. St. Paul’s brief then goes on to argue that Home Loan introduced no evidence of unreasonable claims handling. See, e.g., id. at 35, 38 (noting an “absence of evidence of any claims handling conduct that could be considered unreasonable” and stating that “[Home Loan] introduced no evidence of claims handling conduct that a reasonable jury could find was unreasonable”).
To that end, St. Paul challenges Home Loan’s argument that St. Paul unreasonably concocted excuses to deny the claim. St. Paul argues that the alleged excuses actually involved underwriting rather than claims handling. See id. at 26 (“Although the district court characterized [St. Paul’s] investigation of the claim and ‘its post-hoc justifications for denying payment’ as claims-handling practieés, these activities actually involved underwriting, since they pertained to whether the policy was properly issued in the first place.” (quoting St. Paul’s App’x vol. IV, at 995)). St. Paul then argues that sections 10-3-1115 and 10-3-1116 apply only to an insurer’s conduct in handling claims, not in underwriting. Thus, St. Paul is arguing that there was no evidence of unreasonable conduct at the claims-handling stage, as required under St. Paul’s reading of sections 10-3-1115 and 10-3-1116.
Even if we adopt the majority’s characterization of this argument as a legal argument involving statutory interpretation, the effect is the same: St. Paul is arguing that Home Loan could not obtain a favorable judgment because there was no evidence of unreasonable conduct in St. Paul’s handling of the claim.
St. Paul’s overarching contention is that because the alleged excuses to deny Home Loan’s claim do not qualify as unreasonable conduct under sections 10-3-1115 and 10-3-1116, the evidence could not establish a statutory violation. To decide the appeal, we should address this overarching contention by deciding whether a rational jury could' find unreasonable conduct at the claims-handling stage.
In my view, St. Paul has challenged the sufficiency of the evidence by arguing the absence of unreasonable claims-handling evidence. On this challenge, St. Paul’s headings and underlying argument are clear. St. Paul repeatedly argues that (1) it was entitled to judgment as a matter of law and (2) Home Loan did not present evidence of unreasonable conduct at the claims-handling stage. I would decide the sufficiency of the evidence because it is bound up with St. Paul’s statutory-interpretation argument involving the applicability of sections 10-3-1115 and 10-3-1116 to underwriting conduct.
2. In district court, St. Paul properly preserved its challenge to the sufficiency of the evidence.
The majority also concludes that St. Paul did not preserve its sufficiency of the evidence challenge in district court. In my view, St. Paul preserved this challenge in district court and Home Loan has waived any possible forfeiture.
In district court, St. Paul moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). There St. Paul argued that a reasonable jury could not find that St. Paul had an unreasonable *1273 basis for denying Home Loan’s claim. St. Paul’s App’x vol. Ill, at 760-65.
After the verdict was announced, St. Paul renewed its motion for judgment as a matter of law under Rule 50(b). In this motion, St. Paul urged judgment as a matter of law, in part “[bjecause Home Loan’s statutory claim was not based on claims handling conduct, and because Home Loan [had] introduced no evidence of claims handling conduct that a reasonable jury could find was unreasonable.” Id. vol. IV, at 930 (emphasis added).
The majority points to St. Paul’s separate argument regarding the scope of sections 10-3-1115 and 10-3-1116, which contends that the statutes address unreasonable claims-handling conduct rather than conduct at the underwriting stage. As the majority correctly explains, this is a legal argument. But as discussed above, St. Paul’s larger point was that its justifications for denying the claim could not be regarded as unreasonable under the Colorado statutes.
Home Loan apparently interprets St. Paul’s argument as I do, for Home Loan concedes that St. Paul preserved the issue involving whether “the reasonableness of [St. Paul’s] conduct was properly a jury issue.” Home Loan’s Response Br. at 15; see also Oral Arg. at 18:15-30 (Home Loan interpreting St. Paul’s first appeal point as an argument that the denial of St. Paul’s post-judgment motion constituted error and that the statutory bad-faith claim “never should have gone to the jury”).
The majority concludes that Home Loan is referring to a different argument. This conclusion rests on the majority’s view that St. Paul was not and is not challenging the sufficiency of evidence of unreasonable claims-handling conduct. I respectfully disagree: St. Paul argued in district court and argues on appeal that it is entitled to judgment as a matter of law and that only St. Paul’s claims-handling conduct (as opposed to the underwriting conduct) is subject to the statutory penalty.
Home Loan characterizes this issue as whether “the reasonableness of [St. Paul’s] conduct was properly a jury issue” and concedes that “this issue was preserved.” Home Loan’s Response Br. at 15. In light of this concession, Home Loan has waived any possible forfeiture argument regarding St. Paul’s appellate challenge. See Cook v. Rockwell Int’l Corp., 618 F.3d 1127, 1138-39 (10th Cir.2010) (explaining that the plaintiffs forfeited any nonpreservation argument they might have had by failing to raise a nonpreservation argument); see also United States v. Heckenliable, 446 F.3d 1048, 1049 n.3 (10th Cir.2006) (concluding that the government “waived the waiver” by failing to argue that the defendant had forfeited his appeal point).[1]
3. We should engage in de novo review, viewing the evidence in the light most favorable to Home Loan.
If we were to address the merits of St. Paul’s argument, we would engage in de novo review, applying the same standard *1274 as the district court. Myklatun v. Flotek Indus., Inc., 734 F.3d 1230, 1233-34 (10th Cir.2013). This standard requires us to determine whether the jury could have relied on the evidence and rendered a verdict for Home Loan, and we view the evidence and related inferences in the light most favorable to the verdict. Id. at 1234. Judgment as a matter of law was required only if “the proof [was] all one way or so overwhelmingly preponderant in favor of [St. Paul] as to permit no other rational conclusion.” Greene v. Safeway Stores, Inc., 98 F.3d 554, 557 (10th Cir.1996).
4. After the property was damaged in a fire, Home Loan submitted an insurance claim as the mortgagee in possession.
This insurance dispute involves a building in Colorado known as White Hall. White Hall was owned by a limited liability company controlled solely by Ms. Rosemarie Glas. To buy White Hall, Ms. Glas’s company obtained financing from Home Loan, which in turn obtained a security interest in the property.
Ms. Glas’s company began experiencing financial difficulties and stopped making payments on the loan, utilities, and insurance. Home Loan stepped in to pay the utility bills and asked its insurance carrier, St. Paul, to provide insurance coverage for Home Loan’s remaining interest in the loan. St. Paul accepted and added White Hall to Home Loan’s existing policy for insurance as a foreclosed property.
White Hall was later damaged in a fire, and Home Loan submitted a claim to St. Paul. St. Paul investigated for two months, ultimately denying the claim on the ground that Home Loan was not a mortgagee in possession when the fire broke out. In St. Paul’s view, White Hall remained in the sole possession and control of Ms. Glas’s company even though it had stopped paying its bills.
Home Loan sued under Colorado law,[2] which provides: “A person engaged in the business of insurance shall not unreasonably ... deny payment of a claim for benefits owed to or on behalf of any first-party claimant.” Section 10-3-1115(l)(a) (LEXIS). Under this law, “an insurer’s ..-. denial was unreasonable if the insurer ... denied authorizing payment of a covered benefit without a reasonable basis for that action.” Section 10-3-1115(2) (LEXIS). Therefore, I focus on the reasonableness of St. Paul’s investigation and decision to deny Home Loan’s claim.
The policy insured Home Loan for properties that it had foreclosed. Under the policy, White Hall would be considered foreclosed only if Home Loan had already gained ownership or possession by
• enforcing its security interest in a foreclosure proceeding,
• acquiring a deed in lieu of foreclosure, or
• obtaining status as a “mortgagee in possession.”
St. Paul’s App’x vol. XV, at 2413. The policy defines “mortgagee in possession” as “a mortgagee of a building or structure who is in possession of it or who has assumed the care, custody, or control of such building or structure on behalf of the mortgagor with the agreement or assent of the mortgagor.” Id.
Home Loan insists that it was a mortgagee in possession because it had care, custody, or control of White Hall. St. Paul disagrees. In this appeal, however, we need not decide which party is correct. Instead, we need to decide only whether a *1275 jury could legitimately regard St. Paul’s claims decision or its investigation as unreasonable. I would conclude that St. Paul’s decision and investigation were reasonable as a matter of law.
5. The claim does not involve deficiencies in underwriting.
As a preliminary matter, the parties disagree on the relevance of underwriting conduct to the statutory claim: Home Loan regards underwriting as relevant and St. Paul takes the opposite view. The parties differ in how they frame this disagreement.
St. Paul contends that because the Colorado statutes are limited to claims handling, the fact finder cannot consider evidence of underwriting conduct. In St. Paul’s view, the fact finder may consider an insurer’s conduct after the claim is filed, but not before. In addition, St. Paul suggests that some of its conduct constituted post-claim underwriting, which should be excluded from the fact finder’s consideration.
Home Loan takes a different view, contending that St. Paul’s underwriting conduct bears on the issue of reasonableness. In Home Loan’s view, the jury can consider underwriting events that preceded and postdated the claim’s filing. And, Home Loan contends, the practice of post-claim underwriting is unreasonable under the Colorado statutes.
These arguments turn on a single issue: Do the Colorado statutes apply to underwriting conduct? We need not answer this question if we decide the appeal based on the insufficiency of the evidence. The applicability of the statutes to underwriting is immaterial because Home Loan is not complaining about St. Paul’s pre-claim underwriting; instead, Home Loan is complaining about St. Paul’s post-claim investigation and denial. Even if some of that conduct is characterized as post-claim underwriting, the entirety of St. Paul’s post-claim conduct was reasonable as a matter of law.
6. St. Paul’s denial of the claim was reasonable as a matter of law.
In my view, the evidence would have compelled the jury to regard St. Paul’s denial of the claim as reasonable.
Under Colorado law, the denial of Home Loan’s insurance claim would have been unreasonable only if St. Paul lacked a reasonable basis for the denial.[3] Section 10-3-1115(2) (LEXIS). “The only ... issue in the statutory claim is whether an insurer denied benefits without a reasonable basis.” Vaccaro v. Am. Family Ins. Grp., 275 P.3d 750, 760 (Colo.App.2012). The reasonableness of an insurer’s conduct in denying a claim is evaluated objectively under industry standards. Fisher v. State Farm Mut. Auto. Ins. Co., — P.3d-,-, 2015 WL 2198515, at *9 (Colo.App.2015). Reasonableness ordinarily involves a ques *1276 tion of fact; but in the absence of a genuine issue of material fact, “reasonableness may be decided as a matter of law.” Vaccaro, 275 P.3d at 759.
Even if the jury were to credit all of Home Loan’s evidence, three undisputed facts would have allowed St. Paul to reasonably conclude that White Hall remained in Ms. Glas’s sole possession, care, custody, and control:
1. Home Loan never possessed keys to White Hall; thus, to open the property, Home Loan had to contact Ms. Glas or her real estate agent.
2. When asked by St. Paul, Home Loan represented that it was Ms. Glas who had “possession of property or care, custody or control of property.” St. Paul’s App’x vol. V, at 1183.
3. Ms. Glas maintained the property, listed it for sale, and signed a search warrant (after the fire) as the “owner/occupant and in possession of’ White Hall. Id. at 1094; id. vol. X, at 1826.
Home Loan argues that it had possession, care, custody, or control of White Hall by
• paying Ms. Glas’s utility and insurance bills and
• participating in efforts to sell the property.
But even if a jury agreed, it could not legitimately characterize St. Paul’s contrary conclusion as unreasonable.
Though Home Loan paid some of Ms. Glas’s bills, the evidence was undisputed that
• Ms. Glas had intended to repay Home Loan,
• the utilities had remained in Ms. Glas’s name, and
• Home Loan had insured only its loan interest in the property.
Thus, St. Paul’s claims decision would have been reasonable even if the jury had considered Home Loan’s financial help to Ms. Glas’s company. That help did not preclude a reasonable insurer from concluding that Ms. Glas’s company had retained possession, care, custody, and control.
Home Loan points to testimony that
• Ms. Glas updated Home Loan regarding efforts to sell White Hall,
• Home Loan inspected White Hall, and
• Home Loan asked the county tax assessor about reducing the taxes for White Hall.
With this evidence, the jury also heard undisputed testimony that ■
• Home Loan had not affirmatively assisted Ms. Glas in trying to sell the property and
• Home Loan could not even go into White Hall without contacting Ms. Glas or her realtor.
When viewing the totality of this evidence, the jury could conclude that Home Loan was trying to protect its security interest in White Hall. But to obtain insurance benefits, Home Loan had to do more than protect its security interest: Home Loan had to succeed in obtaining possession, care, custody, or control.
For the sake of argument, we can assume that the jury might have regarded Home Loan’s help to Ms. Glas’s company as proof of Home Loan’s possession, care, custody, or control. But could a jury go further and regard St. Paul’s decision to the contrary as unreasonable? I do not think so. Home Loan represented to St. Paul that Ms. Glas was still the party with “possession of property or care, custody, or control.” Id., vol. V, at 1183. In addition t'o that representation, St. Paul knew that Home Loan didn’t even have keys to White Hall and could not go into the property without asking Ms. Glas or her *1277 realtor. And St. Paul knew that it was Ms. Glas — not Home Loan — that maintained the property, listed it for sale, and signed as the person or entity that owned and possessed White Hall. In the face of that evidence, any rational jury would conclude that St. Paul acted reasonably in determining that Home Loan had not yet obtained possession, care, custody, or control of White Hall.
7. The jury could not justifiably regard St. Paul’s investigation as unreasonable.
Home Loan also contends that St. Paul unreasonably concocted three excuses to deny Home Loan’s claim:
1. During the claims investigation, St. Paul noted that White Hall was not in foreclosure.
2. St. Paul stated that Home Loan had declined to accept the White Hall deed in lieu of foreclosure.
3. St. Paul denied the claim because Home Loan was not a mortgagee in possession.
No jury could legitimately regard these as unreasonable excuses. St. Paul did what it was supposed to do: investigate the claim and ask its insured (Home Loan) about concerns that had arisen during the investigation. To decide whether Home Loan was entitled to benefits, St. Paul needed to identify who had possession, care, custody, or control of White Hall when the fire broke out.
In carrying out that investigation, St. Paul expressed concern that Home Loan had not foreclosed on White Hall or obtained the deed. These expressions of concern were not excuses, for Home Loan acknowledged that St. Paul was correct: Home Loan had not foreclosed on White Hall or obtained a deed in lieu of foreclosure. In these circumstances, the jury could not possibly regard St. Paul’s expressions of concern as unreasonable excuses.
The remaining so-called excuse is what St. Paul ultimately relied on: Home Loan was not a mortgagee in possession. In my view, as explained above, this conclusion was reasonable as a matter of law. As a result, no jury could justifiably regard St. Paul’s investigation as unreasonable based on its so-called excuses, all of which the trial evidence confirmed.[4]
8. Conclusion
The majority and I differ in our interpretation of St. Paul’s argument. In my view, St. Paul argues that it is entitled to judgment as a matter of law on the ground that Home Loan did not present any evidence of unreasonable conduct in the claims-handling stage. On this argument, I agree with St. Paul and would (1) reverse the denial of St. Paul’s motion for judgment as a matter of law and (2) remand with instructions to enter judgment for St. Paul on the statutory claim. As a result, I respectfully dissent.

. The majority states that compliance with Rule 50 is mandatory. But the mandatory nature of Rule 50 does not affect whether Home Loan has waived a potential argument on forfeiture:
[T]he mandatory nature of the duty goes to the merits; it doesn’t help us determine how to exercise our discretion. After all, there are many mandatory requirements that have been considered "waived” or "forfeited.”
United States v. Rodebaugh, 798 F.3d 1281, 1316 (10th Cir.2015); see also United States v. Williamson, 53 F.3d 1500, 1527 (10th Cir. 1995) (applying the plain-error standard because the defendant failed to object in district court even if the court had violated the "mandatory requirements” of Federal Rule of Criminal Procedure 32(c)(3)(D)).

. Because this is a diversity action and Colorado is the forum state, we should apply Colorado substantive law. Berry & Murphy, P.C. v. Carolina Cas. Ins. Co., 586 F.3d 803, 808 (10th Cir.2009).

. Under Colorado common law, insurers bear an implied duty of good faith and fair dealing. Farmers Grp., Inc. v. Trimble, 691 P.2d 1138, 1141-42 (Colo.1984). To enforce this duty, insureds in Colorado can sue the insurer under the common law. In that setting, the Colorado Supreme Court has held that an insurer "may challenge claims which are fairly debatable.” Travelers Ins. Co. v. Savio, 706 P.2d 1258, 1275 (Colo. 1985) (quoting Anderson v. Cont’l Ins. Co., 85 Wis.2d 675, 271 N.W.2d 368, 377 (1978)).
St. Paul argues that this standard ("fair debatability”) applies not only in suits brought under the common law, but also in suits brought under the statutes (sections 10-3-1115 and 10-3-1116). We need not decide whether St. Paul is correct because it would be entitled to judgment as a matter of law regardless of the applicability of a "fair debat-ability” standard.

. On appeal, St. Paul also argues that the district court (1) improperly denied a motion for a new trial on the statutory claim and (2) erred in calculating statutory damages. In my view, we need not address these arguments because St. Paul is entitled to judgment as a matter of law on the statutory claim.